[No. 3,039.]

## WILLIAM KARR v. WILLIAM H. PARKS.

INJURIES TO INFANT—INADMISSIBLE EVIDENCE.—Where an infant child sues by her father, as guardian, for damages for suffering and deformity caused by the act of a vicious animal belonging to the defendant, and recovers judgment, such judgment is not available as a bar or admissible in evidence, in a suit brought by the father in his own name, for services rendered and expenses incurred in the cure of the wounds inflicted upon the child.

IDEM—MEASURE OF DAMAGES.—Where an infant child has been wounded by a vicious animal, and has thereby been disfigured or deformed, the father of the child can recover from the owner of the animal only for such expenses as he has incurred in healing the original wound, and not for any expense incurred in removing the deformity or disfiguration.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The facts are stated in the opinion.

*Belcher & Belcher* and *J. G. Eastman,* for Appellant, argued that it was error in the Court to exclude the judgment roll in the case of *Anna B. Karr, by Wm. Karr, her Guardian,* v. *Wm. H. Parks,* and cited *Kilheffer* v. *Kerr,* 17 S. & R. 319; *Hodsoll* v. *Stallebross,* 11 Ad. & Ellis, 301 ; *Whitney* v. *Clarendon,* 18 Vt. 252; *Bigelow* v. *Huntley,* 8 Vt. 151; *Colvin* v. *Corwin,* 15 Wend. 557, and *Felter* v. *Beale,* 1 Ld. Raymond, 332, 692. They also argued that the right of the plaintiff to recover was limited to loss of service and expense necessarily incurred in healing the original wounds, citing *Wilson* v. *McEvoy,* 25 Cal. 170; *Prader* v. *Grim,* 28 Cal. 11.

*Montgomery & Evans,* for Respondent, cited *Kramer* v. *Market Street R. R. Co.,* 25 Cal. 435, and *Rogers* v. *Smith,* 17 Ind. 323, as to the first point, and, as to the second point, they cited *Dennis* v. *Clark,* 2 Cush. 347; *Rogers* v. *Smith,* 17 Ind. 323; *Ford* v. *Monroe,* 20 Wend. 210; *Cowden* v. *Wright,* 24 Wend. 429.


By the Court, NILES, J.:

The plaintiff sued to recover for services rendered and expenses incurred in the cure of wounds inflicted upon his infant daughter, Anna Bell Karr, by a vicious cow of the defendant.

The plaintiff had a verdict and judgment for the sum of three thousand two hundred and sixty-two dollars. Defendant appeals from this judgment, and from the order overruling his motion for a new trial.

We shall notice but two of the several grounds of error assigned.

1. The defendant offered in evidence the judgment roll in a former action, in which Anna Bell Karr, suing by her guardian, William Karr, recovered judgment for the sum of two thousand dollars, as damages for the suffering and deformity caused by the same injuries set forth in the com-

plaint in this action; and offered to prove, in this connection, that evidence was introduced at the former trial that the disfiguration of the face, for the removal of which the expense was incurred, which is the foundation of plaintiff's present action, would probably continue, and that this fact was considered by the jury in enhancement of damages.

This evidence was objected to and excluded, upon the ground that it was irrelevant and immaterial.

The appellant contends that under the provisions of section eleven of the Practice Act, which permits a father to maintain an action for an injury to a child, the plaintiff might and should have included in the former action all the damages resulting from the injury to the child and to himself.

It is a sufficient answer to this theory to say that the former action was not brought under the provisions of section eleven. Anna Bell Karr sued for her own benefit. Her minority rendered it necessary that she should appear by her guardian; but she was none the less the real party in interest. (*Fox* v. *Minor*, 32 Cal. 111.)

If the father had sued in his own name, a question might have arisen (which it is now quite unnecessary to determine) whether the expense incurred by the father in the cure of the infant daughter should be demanded in an action brought to recover damages for personal injuries to her.

The former and the present cases differed, both in the parties and in the causes of action. Hence, upon well settled principles, the former recovery was not available as a bar, or admissible as evidence, and the judgment roll and proposed testimony were properly excluded.

2. The defendant contends that it is a principle of law, applicable to the case, that the plaintiff could only recover for such expenses as he had incurred in healing the original wound, and not for any expense incurred in removing the deformity or disfiguration from his daughter's face.

We have no doubt of the correctness of this principle.  It was the duty of the father to care for the health of his infant daughter, and he could recover from the defendant all sums necessarily expended by him for medical or surgical attendance in curing her wounds occasioned by the defendant's negligence.   But his duty in this regard ceased with the complete healing of the wound.   He might, at his option, incur further expense in the removal of any blemish or disfigurement caused by the injury, and which would affect the comely appearance of the child.   The injury arising from the permanent deformity would be an item properly allowable in the daughter's own claim for damages; but the cost of its removal, after the wound was healed, would be a voluntary expenditure by the father, and he could not hold the defendant liable for such expenses.   If the rule were otherwise, the damages might be increased at the will of the father to an amount greatly disproportioned to the actual injury received by the child.

The jury were instructed by the Court below substantially in accordance with these views.   But it is evident from the testimony, which the transcript contains in full, that the instruction was disregarded by the jury.

It appears from the evidence, that the daughter of plaintiff, between ten and eleven years of age, was attacked and gored by the defendant's cow.   A wound was inflicted upon her face, which destroyed the sight of the right eye and the lachrymal duct, and tore the lower lid from its attachment at the inner corner of the eye.   She was immediately placed in the care of a surgeon, under whose treatment the wound healed; but there remained an eversion of the lower eyelid, which was an unseemly disfigurement of the face.   The larger portion of the expense for which plaintiff sought to recover was incurred in the endeavor to remove this dis-

figurement. For this purpose the child was taken to San Francisco, and two surgical operations were performed—the first being an entire failure, and the other partially successful. The amount of the verdict found by the jury renders it certain that the expenses attending these operations entered largely into their estimate of damages.

There was no substantial conflict in the testimony upon these points. There was evidence tending to show that the restoration of the eyelid to its normal condition would add to the child's comfort by affording protection to the eye. But the discomfort was the unavoidable result of the injury received, for which the child could recover compensation in her own suit, as she could for the immediate pain and suffering caused by the wound. There would be practically no limit to the liability of the defendant if the father could pursue, at pleasure, a series of expensive surgical operations for the purpose of removing every trace of the injury and charge the defendant with the entire cost.

We cannot avoid the conclusion that the jury adopted a rule of compensation that was not justified by the evidence, and was not in accordance with the instructions of the Court; and for this reason a new trial should be granted.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice BELCHER, having been of counsel, did not participate in this decision.

Mr. Justice CROCKETT did not express an opinion.