[No. 3,954.]

## CHARLES H. SYKES *v.* JOSEPH LAWLOR.

PARENT MAY RECOVER FOR INJURY TO CHILD.—A parent may recover the expenses of nursing and healing his minor child, of such tender years that it is incapable of rendering him any service, from one who willfully or negligently injures such child.

DRIVING VEHICLES IN STREETS OF CITIES.—Drivers of vehicles and persons on horseback, must exercise the greatest care and circumspection in passing along crowded thoroughfares in cities, if they would avoid liability for injury to the persons of pedestrians.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The plaintiff averred in his complaint, that his daughter, Abby, aged seven years, on the 11th of April, 1872, was crossing Dora street, in the line of Harrison street, in San Francisco, and that while walking on the cross-walk laid for that purpose, the servant of the defendant carelessly and negligently drove a team of two horses and a wagon against her, and injured her so that she was sick, and that the plaintiff was compelled to render his and his wife's services in nursing and caring for her and expended money in employing physicians, procuring medicine, etc. There was also an averment of loss of the services of the child. The cause was tried by the Court without a jury, and there was a finding that the defendant's servant drove the team negligently upon the child. There was no finding of loss of services. The plaintiff had judgment for three hundred and seventy dollars. The defendant appealed from the judgment, and from an order denying a new trial. One of the reasons assigned why a new trial should be granted, was, that the testimony was insufficient to sustain the verdict, because there was no evidence of negligence or carelessness on the part of the driver.

*S. M. Wilson*, for the Appellant.

In actions of this kind, by a parent for injuries to his child, the whole *gravamen* of the action is the loss of services of the child.

Without an allegation of such loss of service, a complaint is not good; without proof of such allegation, the plaintiff cannot recover; and without a finding of that fact by the Court, the judgment cannot stand. When loss of service is shown, the incidental expenses of physician, nurses, etc., may be recovered, if alleged. But no action lies for the incidents when there is no proof of the principal—that is the loss of service. (Addison on Torts, pp. 902–3; see, also *Weedon* v. *Timbrel*, 5 T. R. 357; *Gray* v. *Jeffries*, Cro. Eliz. 55; *Basham* v. *Denner*, Id. 770; *Evans* v. *Walton*, L. R. 2 C. P. 615; *Grinnell* v. *Wells*, 7 M. & Gr. 1,041; *Rogers* v. *Smith*, 17 Ind. 323; *Vanhorn* v. *Freeman*, 1 Halst. N. J. R. 325; *Moran* v *Dawes*, 4 Cowen, 413.)

*R. P. & Jabish Clement*, for the Respondent.

The rule insisted upon by the appellant (which, if the text books are to be relied upon, did for a long time disgrace the common law), has never been in force in this State.

The law imposes upon the parent the care and education of the child. If it is sick, he must bear the expenses of the cure. If it is injured by the wrongful act of another, the detriment which consists of pecuniary loss is to the parent alone. If there is a loss of service, that is one item of the parent's loss, because he is entitled to that service. If the duties cast upon the parent by the law, necessitate the incurring of expenses of any kind, those expenses are other items of detriment to the parent; and they may exist as well in the case of a child too young to render service or incapable of doing so as in the case of one who is able to do a man's work.

The modern authorities in this country are all to this effect. (Pr. Act Sec. 11, Schouler's Dom. Rel. 351–2; *Karr* v. *Parks*, 44 Cal. 46; *Dennis* v. *Clark*, 2 Cush. 347; *Ihl* v. *42d St. R. R. Co.* 47 N. Y. 317–20.)

By the Court, Crockett, J.:

The weight of authority in England is to the effect that in an action by a parent for injuries to his minor child

under his care, the *gravamen* of the action is the loss of service; as incidental to which he may recover the expense of nursing and healing the child.   But if the child' be of such tender years that it was incapable of rendering any service whatever, there could be no recovery, even for the expenses.   (Addison on Torts, 902.)   But in this country a more liberal rule has been adopted; and the best considered cases hold that inasmuch as it is a duty enjoined by the law of the land as well as by the laws of nature, upon the parent, to care for and heal his injured minor child, he who willfully or negligently occasioned the injury should be held responsible for the expenses incurred, without reference to the capacity of the child to render service to the parents.   In the case of *Dennis* v. *Clarke* (2 Cush. 347), the Supreme Court of Massachusetts, in an able and exhaustive opinion, examined the authorities, and arrived at the conclusion above stated.   We are fully satisfied with the reasoning of that case, and think the rule it establishes is founded in reason and justice.   (See also *Karr* v. *Parks*, 44 Cal. 46; Schouler's Domestic Relations, 251–2.)

On the question whether the injury was attributable wholly or at all to the negligence of the driver of the team, the evidence is not very satisfactory.   The accident occured at or near the crossing of Harrison and Dora streets, while a number of children were near the crossing on their way to school.   While turning from Harrison into Dora (a very narrow street), it was the duty of the driver to proceed at a slow pace, and with considerable circumspection. The evidence is conflicting as to the rate of speed at which the team was going, at and immediately preceding the time of the accident.   Some of the witnesses describe it as but little faster than a walk, while others testify it was considerably greater.   There is also a conflict in the evidence as to whether the child was knocked down by the team immediately on the crossing or some feet from it, in Dora street.   One witness testifies that he was very near the child, and witnessed the whole occurrence, and that she ran against one of the horses in attempting to cross the street in front of the team, after it had passed the crossing

some feet.    Another witness (Miss Ciprico) testifies that, "when the horses struck the child she · was right at the crossing of Harrison and Dora streets, and about half of the way on the crossing." Miss Blethen testified: "I saw the child perhaps about a foot or two from the pole of the wagon, between the horses' heads. * * * When I saw her between the horses' heads she was still standing and looking toward us. She evidently did not see the wagon, and did not know anything about it." It was for the Court below to decide upon the credibility of the witnesses, and we cannot disturb the finding in respect to negligence, on the ground that it was not justified by the evidence. Considering the perils to which pedestrians are constantly exposed, from careless, reckless driving in the streets of cities, we are not inclined to relax the rule which exacts from the drivers of vehicles and persons on horseback the greatest circumspection in passing along crowded thoroughfares.

Order and judgment affirmed. Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice RHODES expressed an opinion.