## GOFF v. AKERS.

(Superior Court of New York City, General Term.  January 3, 1893.)

1. NEGLIGENCE—BACKING TRUCK ON SIDEWALK—INJURY TO PEDESTRIAN—LIA-
   BILITY OF MASTER.
       While the driver of a truck has the undoubted right to back it on the side-
   walk in front of his employer's place of business to load or unload merchan-
   dise, he must use reasonable care not to injure foot passengers; and the em-
   ployer is liable for an injury to a 13-year old boy, caused by the sudden backing
   of a truck, without any warning from the driver, across the sidewalk, along
   which he was passing.

2. SAME—DUTY OF INFANTS—DEGREE OF CARE—INSTRUCTIONS.
       In an action for such injuries, defendant cannot complain of an instruction
   that the same degree of care is not exacted from an infant as from a grown
   person, where the judge has further charged that the boy is sui juris, and,
   being 13 years old, and intelligent, "must be held to substantially the same
   degree of responsibility as to the exercise of care as a grown person."

3. PROVINCE OF JURY—CONFLICTING INFERENCES FROM FACTS.
       Where there is a conflict of evidence, or where, from the facts shown, infer-
   ences are to be drawn which are not certain or incontrovertible, or respect-
   ing which minds might differ, or where the facts are capable of more than
   one construction, the question involved is one of fact for the jury.

Appeal from jury term.

Action by Frank Goff, by guardian, etc., against Frederick Akers for personal injuries caused by the negligence of defendant's driver in backing a truck across a sidewalk along which plaintiff was passing. From a judgment entered on a verdict in plaintiff's favor, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Jas. P. Niemann, for appellant.
Charles Steckler, for respondent.

McADAM, J. The action was to recover damages resulting from the negligent acts of the defendant's servant. It appears that on August 12, 1890, the plaintiff, then 13 years of age, while walking through Jay street, in this city, was struck by a wagon belonging to the defendant, by reason of which the plaintiff's leg was crushed between the wagon and the skids upon a permanent platform extending over part of the sidewalk in front of the defendant's coffee mills, at No. 16 Jay street, aforesaid. The plaintiff was on the sidewalk, walking towards Hudson from Green-wich street, looking ahead of him. The defendant's wagon was on the street, near the gutter, and the driver had his back towards the build-ing, backing the wagon from the street to the platform in front of the defendant's place of business. The driver turned the horses around very suddenly in backing the wagon, and the plaintiff was hemmed in so that he could not pass. The plaintiff had not as yet been struck by the wagon. The plaintiff was immediately picked up by Mr. Froehlich, the next-door neighbor of the defendant, and lifted upon the platform, to save him from the peril then imminent, and while on the platform, after being picked up by Mr. Froehlich, the wagon still kept backing with great force, and while on the platform, with his foot resting against the skid, he was struck by the wagon, and received the injury complained of. The

plaintiff was lawfully upon the sidewalk at the time of the accident, and, seeing the thoroughfare clear, had the right to continue his journey without anticipating that a driver without warning would attempt to back a team across the sidewalk, and imperil his life. The jury having found in favor of the plaintiff upon evidence which satisfactorily sustains their verdict, we must assume for the purpose of this appeal that the facts are as stated by the plaintiff and his witnesses, and not as claimed by the defendant and his witnesses, whose version of the affair was rejected. According to the plaintiff's evidence, it was not the case of a foot traveler attempting to cross a public thoroughfare ahead of vehicles upon nice calculations of the chances of injury; and the authorities relating to such controversies have, therefore, no application whatever. Nor was it a case where the plaintiff saw the impending danger in time to avoid it, so that it would have been error for the trial judge to have decided as matter of law that the plaintiff brought the mischief upon himself by his own neglect. True, there were different versions of the affair, and inferences were to be drawn from each, leading to different results, but all the various theories, with the circumstances following each, were sent to the jury, who have found upon evidence warranting the verdict that the defendant's driver was guilty of negligence, and the plaintiff free from fault. No rule is better settled than that, where there is a conflict of evidence, or where, from the facts and circumstances shown, inferences are to be drawn which are not certain and incontrovertible, the question involved becomes essentially one of fact for the jury. Weil v. Railroad Co., 119 N. Y. 152, 23 N. E. Rep. 487. So, where the facts are capable of more than one construction, or inferences are to be drawn respecting which minds might differ, the question is one for the jury. Belton v. Baxter, 58 N. Y. 411, and kindred cases. The defendant had the undoubted right to back his truck upon the sidewalk in front of his place of business for the purpose of loading or unloading merchandise. People v. Cunningham, 1 Denio, 524; People v. Horton, 64 N. Y. 610; Welsh v. Wilson, 101 N. Y. 254, 4 N. E. Rep. 633. But the right must be exercised with care commensurate with the danger. Like the duty imposed upon drivers of vehicles upon the highway to notice foot passengers at street crossings, and take reasonable care not to injure them, (Murphy v. Orr, 96 N. Y. 14; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. Rep. 415,) so with drivers who back their trucks upon the sidewalk. They must in like manner notice foot passengers on the sidewalks, and exercise like care not to injure them. The owner of the truck had no right to the use of the sidewalk by his truck superior to that possessed by the plaintiff as a pedestrian or traveler.

With these observations upon the facts and law applicable, we must next consider the exception to the judge's charge, upon which the appellant chiefly relies, which was in answer to the following request, made by the plaintiff's counsel: "I ask your honor to charge the jury that the same degree of care is not exacted from an infant as from an adult;" to which the court responded, "Yes, that is true." We find no error in this. The rule is that if a child is non sui juris, it is incapable of contributory negligence in the sense that deprives it of a recovery in a proper

case, and the doctrine of imputable negligence, chargeable to the parent or guardian, may become applicable.   If found to be sui juris, however, then the rule applicable is that the child must exercise that degree of care which could reasonably be expected of one of his age and capacity. 4 Amer. & Eng. Enc. Law, 43 et seq.   But the trial judge charged more favorably to the appellant than this.   He instructed the jury in these words:

"Now, this boy, who was thirteen years old, and intelligent, must be held to substantially the same degree of responsibility as to the exercise of care as a grown person.   If he failed to exercise ordinary care and prudence in efforts to avoid a collision with the truck, from which he subsequently suffered,—if you believe this is the way he was injured,—the defendant is entitled to a verdict."

The same proposition was reiterated at folios 241, 242; and at folio 237 the trial judge distinctly charged "that the plaintiff was sui juris." Substantial justice has been done.   No fault is found with the amount of the verdict, ($1,000,) which is conceded to be moderate, and the judgment and order appealed from must be affirmed, with costs.