NATHANIEL N. HUNT, Appellant, v. AMERICAN RADIATOR COMPANY and Others, Respondents.

*Demurrer — want of privity as to both defendants — misjoinder of causes of action — no right to a rescission of the contract in the absence of fraud.*

The complaint in an action alleged that a person named Bryant had invented a machine for cutting screw threads, which was not patented, that he assigned a one-half interest in it to the plaintiff; that the defendants, named Bond and Pierce, co-partners, entered into an agreement with the plaintiff by which they were to obtain a patent for the machine, manufacture and introduce it into use and to account to the plaintiff for one-half of the profits; that pursuant to the terms of the agreement, the plaintiff assigned to Bond and Pierce his interest in the patent; that Bond and Pierce obtained the patent, carried on the business, but failed to account to the plaintiff; that subsequently the defendant the Pierce Steam Heating Company was organized as a corporation, and, by some arrangement with Bond and Pierce, used the machine for a certain time; that then another corporation, the defendant the American Radiator Company, was organized, which had been using the machine under an arrangement with Bond and Pierce, and had not accounted for such use and profit; and, finally, the

complaint alleged that each of said corporations knew of 'the plaintiff's agreement with Bond and Pierce.

*Held*, that the complaint was subject to a demurrer based upon the ground that it failed to state a cause of action against all of the defendants;

That it stated a cause of action against Bond and Pierce, but that no privity was alleged, nor could any be inferred, between the plaintiff and the two corporate defendants;

That there was no allegation that Bond and Pierce fraudulently transferred any interest in the patent to either corporation, or that any agreement with the plaintiff was violated when Bond and Pierce permitted the corporations to use the machine; That, in order to make the corporations liable to the plaintiff, there must have been some agreement by them to pay him, and that no such agreement was either alleged or inferable;

That there was an improper joinder of causes of action;

That, if the corporations were liable to the plaintiff, a separate action should have been brought to compel an accounting for the value of the use of such patent for the specific period during which each corporation used the machine, as it did not appear that there was any community of interest between the corporations;

That the fact that Bond and Pierce were stockholders in each corporation in no way affected this view;

That the plaintiff was not entitled to the relief demanded that the defendants should transfer the patent back to him, as the plaintiff did not attack the assignment made by him to Bond and Pierce as fraudulently made or induced, nor did he allege that his interest in the patent was denied, but merely alleged the failure of Bond and Pierce to account to him in pursuance of their agreement.

APPEAL by the plaintiff, Nathaniel N. Hunt, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 7th day of June, 1895, upon the decision of the court, rendered after a trial at the Erie Special Term, sustaining the several demurrers of each of the defendants to the plaintiff's complaint.

*Willard Payson Smith*, for the appellant.

*William L. Marcy*, for the respondents.

Judgment affirmed, with costs on the opinion of SPRING, J., delivered at Special Term, with leave to amend the complaint upon payment of costs of the demurrer and of this appeal.

All concurred.

The opinion of SPRING, J., was as follows:

Denuded of verbiage the complaint is as follows: It alleges that one Bryant had invented a tapping machine and method for cutting

screw threads; that he asssigned one-half interest in this unpatented device to the plaintiff; that the defendants Bond and Pierce, who were co-partners, entered into an agreement with said plaintiff, whereby the said defendants were to obtain a patent of such device and manufacture and introduce the same into use and to account to the plaintiff for one-half of the gains and profits flowing from the business carried on; and by the terms of such agreement the one-half interest in such patent owned by plaintiff was to be assigned to said Bond and Pierce, and the same was accordingly done; that in pursuance of said agreement said co-partnership defendants did secure such patent and did carry on the business contemplated thereby, and have failed to account, stating a cause of action against Bond and Pierce; that after a time the defendant, the Pierce Steam Heating Company, was organized as a corporation, and by an arrangement with said Bond and Pierce — the nature of which is not alleged in the complaint — continued for a definite period to use said device, and then another corporation, the American Radiator Company, defendant, was organized, and since that time it has been using said device by virtue of an arrangement with said co-partnership defendants, and it has failed to account for such use and the profit arising therefrom; that each of said corporations knew of plaintiff's agreement with said Bond and Pierce.

The demurrer is on two grounds:

(1) The failure to state a cause of action.

(2) The improper joinder of causes of action.

Each ground seems to be tenable. A cause of action is stated against Bond and Pierce, but there is no privity alleged nor can any be fairly spelled out of the complaint between the plaintiff and the other two defendants. There is no allegation that Bond and Pierce fraudulently transferred any interest in the patent to either of said corporations, or that there was any violation of any agreement with plaintiff in permitting either of them to use the device. So far as the pleading shows, the co-partnership held a valid right to its use, and that, too, without restriction. The co-partners' duty was simply to account to plaintiff for the profits accruing from the business. They, within the compass of their rights, by some understanding, allowed each of these defending corporations to use this device. There is no suggestion of any violation of that agreement with plain-

tiff in this license or permission or contract, whatsoever it may have been. That in no way absolved Bond and Pierce from accounting to plaintiff. Plaintiff was in the same situation he had always been. He had, according to his averments, a valid claim against them, and it was not impaired or affected by the arrangement with the defendants using the machine under these co-partners. There is no allegation that the corporations were to account to plaintiff. They were liable to Bond and Pierce and they have accounted, for aught that appears, but there was no privity between them and plaintiff. This is not the familiar case of novation where the transferee agrees to account to the original owner or assumes a specific burden running to a third party, for there is no intimation of an assumption of any liability by either of these corporations. It is simply that Bond and Pierce permitted these other defendants to use this device, and that neither conflicts with the rights of the plaintiff in his dealings with the co-partners, nor does it impose any burden on the licensees to account to plaintiff, so far as the allegations of the complaint show. A cause of action cannot be hinged upon the indefinite allegation that the arrangement between the co-partners and the corporations was unknown to plaintiff. In order to make defendant corporations liable there must have been an agreement to pay plaintiff, and no such averment is pleaded, and it cannot be said the allegation referred to is sufficient to justify that inference.

If, however, it should be urged the co-partners were trustees and that the other defendants, having knowledge, are chargeable with the performance of the trust and hence liable to account, we are confronted with the other ground of demurrer, the uniting of actions improperly.

The complaint alleges that the Pierce Steam Heating Company used the device during its corporate existence. If liable at all, that corporation would be liable to account for the period of its user. This is a precise, specific cause of action. The Radiator Company has used the patent since its organization and are still using it, another ascertainable period. There is no community of interest between the two. The fact that Bond and Pierce are stockholders in each corporation in no way alters the situation. They are legal entities, distinct and separable and each chargeable for its own acts. If one-eighth of the right of user of the device had been granted to

the Radiator Company, a like fractional part to the Pierce Company, and a similar quantity to an individual, each explicitly chargeable with the duty of accounting to plaintiff, he could not sue them all in one action, for each stands on its own rights; their interests are severable and divisible. If the plaintiff were the holder of half a dozen promissory notes against different makers, no one would claim that the simple fact that he was owner of them all would justify him in bringing one action on all the notes; and if Bond and Pierce, with others, were makers on these notes, it would not alter the rule. In a suit in equity the rule inheres in its vigor, relaxed at times to prevent a multiplicity of suits, or where possibly an accounting is subsidiary to the main issue, but whether a suit in equity or an action at law, to justify uniting several parties as defendants there must be a common interest centering in one cause of action.

The complaint contains in its prayer for relief a request that the defendants re-transfer the interest in the patent to the plaintiff, but there is no allegation in the complaint justifying the prayer. The assignment to Bond and Pierce is not attacked as fraudulently made or induced. There is no claim of a denial of any interest of plaintiff in the patent, but it is simply a failure to account in pursuance of an agreement which is recognized in the complaint as valid and subsisting. So the relief really sought by the complaint is an accounting, and each must account, if at all, to the extent of his user. If this pleading is good it involves the trial of three causes of action, with no sort of relation to each other, and against three defendants who are not united in interest, and all in one action. A jumble of that kind is not within the compass of the most liberal interpretation of Code pleading in all its anxiety to obviate a multiplicity of suits.

The cases cited by plaintiff are clearly distinguishable. In *Brinkerhoff* v. *Brown* (6 Johns. Ch. 139), which is a leading case, the joinder of actions was upheld because there was a fraudulent conspiracy alleged and that was the gravamen of the action, but the court explicitly enunciated the principle that it was necessary for all parties to be affected alike to justify making them defendants. (See *Nichols* v. *Drew*, 94 N. Y. 22; *Adams* v. *Stevens*, 7 Misc. Rep. 468; *Gardner* v. *Ogden*, 22 N. Y. 327.)

The demurrer must be sustained, with costs.