(21 Misc. Rep. 352.)

### AXLEBROOD v. ROSEN et al.

(Supreme Court, Appellate Term. October 1, 1897.)

1. ACTIONABLE NEGLIGENCE—WHAT CONSTITUTES.
    The violation by one person of an implied legal duty owing to another, and resulting in injury to the latter's property, constitutes actionable negligence, in the absence of contributory negligence.

2. SAME—BURDEN OF PROOF.
    Plaintiff's wagon was standing close to the curb, when defendant drove along the street at a run, and ran into the wagon, although there was plenty of room to pass in safety. Held, that the nature of the accident afforded prima facie proof of negligence, so that it was incumbent on defendant to show that he used due care.

3. SAME—DAMAGES—UNCERTAINTY.
    Where, in an action based on injuries to plaintiff's horse and wagon, due to defendant's negligence, it appears that it was necessary to employ a veterinary surgeon to attend to the horse, and a wheelwright to repair the wagon, the plaintiff is entitled to some damages, and a dismissal on the ground that the damages are uncertain is not justified.

Appeal from Fifth district court.

Action by Hyman Axlebrood against Frank E. Rosen and others. There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

S. I. Frankenstein, for appellant.

Jacob Levy, for respondents.

McADAM, J. The action was to recover damages for injuries to plaintiff's horse and wagon alleged to have been caused by the defendants' negligence. The plaintiff had stopped with his wagon in front of No. 125 Henry street, to deliver butter; and his temporary occupation of the highway for that purpose was legal. Goff v. Ackers, 1 Misc. Rep. 468, 21 N. Y. Supp. 454, affirmed 139 N. Y. 653, 35 N. E. 207; Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264. His

wagon was on the right side of the street, close to the curb, with the horse's head turned towards Pike street, when the defendants' team and truck came into Henry street on a run, followed by a wagon drawn by a single horse, with which the defendants' driver appeared to be racing. The latter had the lead, and was apparently determined to maintain it. Although there was plenty of room in the highway for the truck to pass in safety, the defendants' driver, for some unaccounted reason, ran his team and truck against the plaintiff's horse and wagon, causing the injuries complained of. The plaintiff's horse was subsequently attended to by a veterinary surgeon, and the wagon repaired by a wheelwright. The plaintiff and the wheelwright testified as far as permitted to the damage done. The evidence sufficiently establishes that the injuries were caused by the defendants' want of ordinary care, according to the circumstances, in violation of the implied legal duty owing to the plaintiff, thus constituting actionable negligence (Abb. Tr. Ev. 583, 584); and that the plaintiff was free from any contributing fault (2 Shear. & R. Neg. [4th Ed.] p. 509; Crocker v. Ice Co., 92 N. Y. 652; Sykes v. Lawlor, 49 Cal. 236).

The nature of the accident itself affords prima facie proof of negligence, for the rule is that where the accident is one which, in the ordinary course of events, would not have happened but for the want of proper care on the part of the defendant, it is incumbent upon him to show that he has taken such care as prudence would require. Scott v. Docks Co., 3 Hurl. & C. 596; Curtis v. Railroad Co., 18 N. Y. 534, 544; and cases cited in Russell Manuf'g Co. v. New Haven Steamboat Co., 50 N. Y., at page 127; Mullen v. St. John, 57 N. Y. 567; Volkmar v. Railway Co., 134 N. Y. 420, 31 N. E. 870.

The trial justice, without requiring any explanation whatever from the defendants, dismissed the plaintiff's complaint, on the ground that the damages were uncertain, and that, upon the entire evidence, the justice did not think the plaintiff ought to prevail. This ruling was evidently founded on a misconception of the evidence and the law applicable thereto. The plaintiff made out a clear prima facie case, and ought to have prevailed in the absence of proof on the part of the defendants explaining their conduct, and exculpating them in some legal manner therefor. The plaintiff certainly proved a substantial injury, and was entitled to recover some damages, the amount of which it is not now necessary to discuss. See Hutton v. Murphy, 9 Misc. Rep. 151, 29 N. Y. Supp. 70; 1 Suth. Dam. 100, and cases cited.

The judgment must be reversed, and a new trial ordered, with costs, to the appellant to abide the event. All concur.