[Civ. No. 8790. First Appellate District, Division One.—May 17, 1933.]

ABBIE FINNERTY, Respondent, v. CHARLES CUM-MINGS, Appellant.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

James F. Brennan and Edwin V. McKenzie for Respondent.

GRAY, J., *pro tem.*—In a prior action respondent's minor daughter, appearing by respondent as her guardian *ad litem,* recovered a judgment against appellant for injuries received in an automobile accident. Subsequently respondent brought this action to recover for her loss of her daughter's earnings and for medical expenses incurred in treating her daughter's injuries. Appellant, in addition to other defenses, pleaded that the first judgment was *res judicata* of the second action. The court found adversely to appellant on this plea and rendered judgment against him. From this judgment appellant appeals, claiming that his plea of *res judicata* should have been upheld.

"Among other requirements of a judgment pleaded in bar is this: that the action must be between the same parties in the same capacity and the judgment must be 'in respect to the matter directly adjudged'. (Code Civ. Proc., subd. 2, sec. 1908; *Laguna etc. Dist.* v. *Charles Martin Co.,* 5 Cal. App. 172 [89 Pac. 993]; *Hughes* v. *United States,* 4 Wall. 232 [18 L. Ed. 303].)" (*Elliott* v. *Hudson,* 18 Cal. App. 642, 653 [124 Pac. 103, 108].) Since respondent appeared in the first action as guardian to enforce her daughter's right and in the second action, individually, to enforce her own right, the first judgment was not a bar to the second action (*Karr* v. *Parks,* 44 Cal. 46). If, although respondent appeared in the two actions in different capacities, she, in fact, litigated the same right, the first judgment would estop her in the second action (*Williams* v. *Southern Pac. Co.,* 54 Cal. App. 571 [202 Pac. 356]).

50

Ordinarily, that is where the usual relationship of parent and child exists in which the parent exercises his right to the child's services and performs his duty to support it, the right to recover for loss of the child's earnings and for medical expenses incurred in treating its injuries belongs to the parent. (*Karr* v. *Parks, supra; Sykes* v. *Lawlor,* 49 Cal. 236; *Durkee* v. *Central Pac. R. Co.,* 56 Cal. 388 [38 Am. Rep. 59]; *McManus* v. *Arnold Taxi Corp.,* 82 Cal. App. 215 [255 Pac. 755].) Where the parent has emancipated the child (*Galwey* v. *Pacific Auto Stages, Inc.,* 96 Cal. App. 169 [273 Pac. 866]), or, as guardian in the child's action, by pleading or testimony, waived his right or estopped himself from subsequently asserting it, the child is permitted to recover these items. (*McManus* v. *Arnold Taxi Corp., supra.*) These principles are exhaustively treated in an extended note in 37 American Law Reports, 11. If the right to these items was litigated in the first action, of course, since there cannot be a double recovery, the first judgment was a bar to the present action. Appellant claims that the record in the first action brings it within the second class of the above-noted exceptions to the general rule.

The complaint in the first action did not plead or pray a recovery of these items. On the day of trial, and before the impanelment of the jury, respondent, as guardian *ad litem,* served appellant with a copy of an amended complaint, in which recovery of these items was sought and moved for leave to file the same. When appellant objected, the motion was abandoned and the amended complaint was not filed. At the trial the daughter testified to the duration of her disability, during which she was unable to work and to the amount of medical bills, rendered to her parents. The attending physician testified to the value of his services and to payment of the greater portion thereof by respondent. Appellant's reference to the transcript does not support his contention that he objected to this testimony. If timely objection had been made, this testimony should not have been permitted because it was outside of the issues framed by the complaint. But even if it were erroneously admitted, it must be presumed that the jury obeyed the instruction, given at appellant's request, that no allowance could be made for these items and therefore did not include these items in the verdict. (*Johns* v. *Pond,* 38 Cal. App. 643 [177

Pac. 293].) Since the complaint did not seek their recovery, these items could not have been properly litigated in the first action. Assuming, however, that they were a proper subject of litigation in the first action, the instruction withdrew them from consideration and therefore the first judgment was not *res judicata* as to them. (*Southern Pac. Co. v. Edmunds*, 168 Cal. 415 [143 Pac. 597].) The facts above recited are insufficient to establish either a waiver or estoppel. Therefore appellant's claim is without merit and the judgment is correct.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on July 14, 1933.