[Civ. No. 45631. First Dist., Div. Two. Jan. 21, 1981.]

HENRY J. FAITZ, Plaintiff and Appellant, v.
CAROL RUEGG, Defendant and Respondent.

COUNSEL

Henry J. Faitz, in pro. per., for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and Jack T. Holland for Defendant and Respondent.

OPINION

**TAYLOR, P. J.**—This is an appeal[1] from a judgment of dismissal following an order sustaining without leave to amend on grounds of res judicata, the demurrer of Carol Ruegg to the divorced· father's (Henry J. Faitz) instant complaint seeking damages for medical expenses incurred on behalf of his minor daughter, who was thrown from a horse owned and maintained by defendant.

The pertinent facts are not in dispute. As revealed by the record before us and the prior unpublished opinion of this court (Div. One), No. 40475, filed July 25, 1977, of which we have taken judicial notice (as requested),[2] the following appears: The instant complaint, No. 62797, was filed by the father on June 28, 1977, and alleged that: On June 30, 1976, Kristina, the 11-year-old minor child of the father and his former wife, Marilyn, asked and received defendant's permission to ride defendant's horse "Rosie," in Santa Cruz. Kristina, who was a young and inexperienced rider and was not warned of "Rosie's" runaway tendencies, was thrown and incurred serious permanent injuries and medical expenses of approximately $4,000.[3] The father was responsible for Kristina's medical care and expenses, employed physicians to examine and treat Kristina, and incurred additional medical and hospital expenses (the total amount was not yet ascertained) and would continue to incur medical expenses in an indeterminate amount because of the serious and long-range nature of Kristina's injuries.

As indicated by the opinion in the prior appeal, on September 29, 1976, Kristina, by and through her mother and regularly appointed guardian ad litem, had commenced action No. 60085 for damages for personal injuries against defendant Ruegg and others.[4] In her individual

---

[1]The notice of appeal erroneously states that it is taken from the order sustaining the demurrer, which is not appealable. By a letter dated September 24, 1980, this court instructed the father to augment the record on appeal to include the judgment of dismissal so that we could construe the notice of appeal as a premature notice of appeal from the judgment.

[2]The father asked us to take judicial notice of our prior opinion pursuant to Evidence Code sections 451-452 (*People* v. *Manson* (1976) 61 Cal.App.3d 102, at p. 165 [132 Cal.Rptr. 265]).

[3]The father's proposed complaint in intervention alleged that Kristina had sustained a compound fracture of her left elbow.

[4]The 1976 action, like the instant one, alleged several causes of action predicated on defendant's strict liability, negligence and product liability, and also alleged defendant's knowledge of "Rosie's" dangerous tendencies.

capacity, the mother was *not* a party to Kristina's action and did not seek damages or other relief. The father moved to intervene in the prior action on his own behalf and also to be substituted for the mother as guardian ad litem. His proposed "Complaint in Intervention" alleged that he had incurred medical expenses in the approximate amount of $3,800, would incur additional medical expenses, and further alleged that he had been damaged in the amount of $10,000 for his loss of the minor's services and earnings. The lower court denied both of the father's motions.

On appeal, this court (Div. One) affirmed and held that: 1) the lower court did not abuse its discretion in determining that the father was not entitled to be substituted as guardian ad litem as this was a question of fact; and 2) the father had no right to intervene. Justice Elkington noted that: 1) Code of Civil Procedure section 387 permits intervention only by a person with such an interest that the intervener will either gain or lose by the direct effect of the judgment, and the father had no interest in the action commenced solely for the benefit of the minor; 2) Code of Civil Procedure section 376 could not be interpreted to give the father a cause of action, as the minor alone had the cause of action for two elements of damages: (a) physical pain, mental suffering and prospective medical expenses; and (b) loss of earnings after majority.

Long after our opinion became final, the minor's prior action against the defendant was settled for $3,209.25, and subsequently dismissed with prejudice. As indicated above, the father's present action was filed on June 28, 1977, while the prior appeal was pending. Defendant's demurrer was filed on July 26, 1978, heard on August 8, 1978, and sustained without leave to amend on grounds of res judicata.

On this appeal, the father argues that the prior unpublished opinion of this court establishes the "law of the case," i.e., that he did not have an interest in the minor's action which was settled. ■ The doctrine of the law of the case applies only when there are further proceedings in the same case (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 634, p. 4553). ■ This court (Div. One) has held that unpublished cases are not to be cited or considered of precedential value (Cal. Rules of Court, rule 977; *Heaton v. Marin County Employees Retirement Bd.* (1976) 63 Cal.App.3d 421, 431 [133 Cal.Rptr. 809]).[5]

---

[5]Although California Rules of Court, rule 977, specifically exempts from its operation nonpublished opinions relevant under the doctrine of collateral estoppel (*People v. Manson, supra*, at p. 165), our prior opinion does not fall in this category. The estoppel here is based on the minor's prior settled and dismissed action.

With this house of cards, the father's first argument on this appeal collapses. His contention is predicated on the erroneous assumption that under the law of the case, he had no interest in the minor's prior settled and dismissed action and, therefore, the instant action is properly maintainable, as it was based on his payment of his daughter's medical expenses and his loss of her earnings, etc.

■ The applicable rules were summarized in *Bauman* v. *San Francisco* (1940) 42 Cal.App.2d 144 [108 P.2d 989], by this court (Div. One), at pages 162-163, as follows: "The parents of a minor are normally responsible for medical and hospital care furnished the minor, and the cause of action to recover these items normally rests with the parents. But the child is also liable for the reasonable value of these expenses. Moreover, *where the parents bring the action as guardians ad litem*, and the bills have not been paid, *and these expenses are pleaded*, this constitutes a waiver of the parents' rights, and at least where contributory negligence of the parents is not asserted as a defense, the child may properly recover these items. In such case *the parents would be estopped from recovering these expenses on their own behalf*" (italics partially added). (See also *Morningred* v. *Golden State Co.* (1961) 196 Cal.App.2d 130, 138-139 [16 Cal.Rptr. 219]; *Shriver* v. *Silva* (1944) 65 Cal.App.2d 753, 768 [151 P.2d 528]).

One of the sources of the above rules was *Finnerty* v. *Cummings* (1933) 132 Cal.App. 48 [22 P.2d 37], whose facts are almost on all fours with the instant case. In *Finnerty*, the mother, as guardian ad litem of her minor daughter, recovered a judgment against defendants Cummings for injuries sustained by the minor in an automobile accident.. After being prevented from amending the complaint in the first action to include her own damages, the mother, in a subsequent action, sought to recover for her loss of her daughter's earnings and medical expenses. Cummings' defense of res judicata was denied on grounds that the prior action had not litigated the issue of medical expenses. This court (Div. One) stated the applicable rules as follows at page 50: "Ordinarily, that is where the usual relationship of parent and child exists in which the parent exercises his right to the child's services and performs his duty to support it, the right to recover for loss of the child's earnings and for medical expenses incurred in treating its injuries belongs to the parent. [Citations.] Where the parent has emancipated the child [citation], or, as guardian in the child's action, by pleading or testimony, waived his right or estopped himself from subsequently asserting it, the child is permitted to recover these items.

[Citation.] . . . . If the right to these items was litigated in the first action, of course, *since there cannot be a double recovery, the first judgment was a bar to the present action.*" (Italics added.)

In affirming the judgment in the second action against Cummings, Justice Gray pointed out at page 51 that since the medical expenses had not been sought by the complaint or litigated in the first action, the mother could properly claim them in the second, and affirmed the judgment. ■ Here, of course, the record clearly indicates that the medical expenses were sought by the minor and were a part of the settlement in the first action. Accordingly, there can be no double recovery here.

The father further maintains that *Finnerty* and *Bauman*, both *supra*, and their progeny, must be distinguished on equitable grounds, as here he and the child's mother are and have been divorced, and also that in *Bauman* the medical expenses had not been paid, while here he has paid at least some of the bills.[6] ■ However, under present California law, both parents, whether single or divorced, have a statutory duty to support the minor (regardless of who has custody) and the enforcement of each parent's contribution must depend on the urgency of the needs of the child and the relative hardship to each parent in contributing to these needs (*In re Marriage of Muldrow* (1976) 61 Cal.App.3d 327, 332 [132 Cal.Rptr. 48]). ■ Contrary to the father's contention, the court below properly suggested that the father seek indemnity from the minor. We conclude that the trial court properly sustained defendant's demurrer and dismissed the instant action.

The judgment is affirmed.

Miller, J., and Smith, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 18, 1981.

---

[6]We note that his instant complaint does not allege any specific amount or indicate that the settlement was in any way inequitable or unjust under the circumstances.