Jose CORTEZ and Josefina Cortez, husband and wife suing for damages to minor child, Adrian Cortez, per C.C.P. § 376, and suing individually, Plaintiffs,

v.

COUNTY OF LOS ANGELES, et al., Defendants.

No. CV 82–5502 CHH.

United States District Court,
C.D. California.

Jan. 6, 1983.

Manuel Hidalgo, a law corp., Los Angeles, Cal., for plaintiffs.

Golman and von Bolschwing, Sausalito, Cal., Bonne, Jones, Bridges, Mueller & O'Keefe, Los Angeles, Cal., Horvitz & Greines, Encino, Cal., for defendants County of Los Angeles, David Hoffman, M.D., Andre Bieniarz, M.D., Karen Kornreich, M.D., C.K. Neal, M.D. and D. Alexander, M.D.

MEMORANDUM OPINION AND ORDER

CYNTHIA HOLCOMB HALL, District Judge.

This matter came before the Court on December 13, 1982 for hearing on defendants' motions to dismiss the Complaint for failure to join an indispensable party under Federal Rule of Civil Procedure 19, and to strike portions of the Complaint. After considering the points and authorities submitted by the parties, and the arguments of

counsel, it is ORDERED that both motions are denied.

### 1. *Motion to Dismiss For Failure to Join an Indispensable Party*

Plaintiffs Jose and Josefina Cortez are citizens of Mexico. Their son, Adrian, was born on September 9, 1981, in Los Angeles, California, at a hospital operated by defendant County of Los Angeles.[1] Adrian suffers from brain damage that has left him totally incapacitated, a condition that may continue for the rest of his life. The plaintiffs allege that Adrian's disability resulted from the negligence of the defendants and bring this action for recovery of damages under section 376 of the California Code of Civil Procedure.[2] Adrian is not named as a plaintiff in this lawsuit, but has instead brought a separate action in Los Angeles Superior Court based on the same set of circumstances.[3]

Jurisdiction over this case is founded upon diversity of citizenship, 28 U.S.C. § 1332(a) (1976). As Adrian is a citizen of California, his joinder as a plaintiff would compel dismissal. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The issue before the Court is whether Adrian is a person who should be joined as a co-plaintiff if feasible, Fed.R.Civ.P. 19(a), and if so, whether the inability to join him and retain subject matter jurisdiction warrants dismissal of the suit brought by his parents, Fed.R.Civ.P. 19(b). *Bakia v. County of Los Angeles,* 687 F.2d 299 (9th Cir. 1982). Because I conclude that Adrian is not a person who should be joined if feasible under Rule 19(a), there is no need to reach the second issue of whether the equities of the case mandate dismissal pursuant to Rule 19(b).

Rule 19(a)(2) provides that a person shall be joined if feasible if:

[H]e claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

To fall within the ambit of Rule 19(a)(2), the person's interest "must be a legally protected interest, not merely a financial interest or interest of convenience." 3A *Moore's Federal Practice* ¶ 19.07–1[2], at 19–129 (2d ed. 1982). Where a legally protected interest is not present, a motion to dismiss for failure to join a party under Rule 19 must be denied. *See, e.g., Doe v. Exon,* 416 F.Supp. 716 (D.Neb.1975). "It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely." *Bakia v. County of Los Angeles, supra,* 687 F.2d at 301.

As a general matter, Rule 19 does not necessitate the joinder of plaintiffs advancing tort claims against the same defendant for injuries arising out of the same transaction or occurrences. *See, e.g., Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3d Cir.1980); *Pan American World Air-*

---

**1.** The remaining defendants are practicing physicians and surgeons who allegedly provided medical care and services to plaintiff Josefina Cortez and her son. Each defendant is alleged to be a citizen of California.

**2.** Cal.Code of Civ.P. § 376 provides in part that:

The parents of a legitimate unmarried minor child, acting jointly, may maintain an action for injury to such child caused by the wrongful act or neglect of another. . . .

. . . . .

Any such action may be maintained against the person causing the injury. If any other person is responsible for any such wrongful act or neglect the action may also be maintained against such other person. The death of a child or ward shall not abate the parents' or guardian's cause of action for his or her injury as to damages accruing before his or her death.

In every action under this section, such damages may be given as under all of the circumstances of the case may be just . . .

**3.** *Cortez v. County of Los Angeles,* No. C429717, filed October 22, 1982, Los Angeles County Superior Court.

*ways, Inc. v. United States District Court,* 523 F.2d 1073, 1078 (9th Cir.1975); 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1623, at 245 (1972). This rule is applicable where the potential co-plaintiffs are related by blood or marriage, provided that each has a separate, independent cause of action. *Sove v. Smith,* 311 F.2d 5 (6th Cir.1962); *Wright v. Schebler Co.,* 37 F.R.D. 319 (S.D.Iowa 1965). *Compare Morrison v. New Orleans Public Service, Inc.,* 415 F.2d 419 (5th Cir.1969) (decedent's children were indispensable parties where, under Louisiana law, all heirs shared a single cause of action for wrongful death).

■ In this case, section 376 of the California Code of Civil Procedure provides the plaintiffs with a separate and independent cause of action from that asserted by Adrian in state court. As stated in *Bauman v. San Francisco,* 42 Cal.App.2d 144, 162, 108 P.2d 989, 999 (1940): "The parents of a minor are normally responsible for medical and hospital care furnished the minor, and the cause of action to recover these items normally rests with the parents." *See also Faitz v. Ruegg,* 114 Cal.App.3d 967, 171 Cal.Rptr. 149 (1981). Although Adrian has an obvious financial stake in the outcome of his parents' lawsuit, this alone is not the legally protected "interest" required to invoke Rule 19(a).

Even though Adrian and his parents have separate causes of action, the defendants argued that Adrian has an "interest" in the outcome of his parents' lawsuit in the sense that it might collaterally estop him from relitigating the same issues in a subsequent action. Collateral estoppel could act in one of two ways, should the instant suit be adjudicated prior to Adrian's state court lawsuit. If the parents prevail in this court, Adrian could seek to use the judgment offensively against the same defendants. *Bernhard v. Bank of America,* 19 Cal.2d 807, 122 P.2d 892 (1942); *Nevarov v. Caldwell,* 161 Cal.App.2d 762, 327 P.2d 111 (1958). Should the defendants prevail in the instant lawsuit, however, it is necessary to determine whether a California court would preclude Adrian from relitigating the

issues decided, notwithstanding the fact that he was not named in the earlier action. Although due process generally prohibits estopping strangers to the prior litigation from having their day in court, *Blonder-Tongue Laboratories v. University of Illinois Foundation,* 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971), an exception to this rule is recognized where the absent party is in privity with the parties who took part in the earlier lawsuit. Under the definition of privity set forth by the California Supreme Court in *Zaragosa v. Craven,* 33 Cal.2d 315, 202 P.2d 73, 75 (1949) ("privity involves a person so identified in interest with another that he represents the same legal right"), Adrian could not be collaterally estopped by his parents' litigation of their distinct legal right to recovery. *See, e.g., Kaiser Foundation Hospitals v. Superior Court,* 254 Cal.App.2d 327, 62 Cal. Rptr. 330 (1967).

This conclusion is not changed by the California Supreme Court's decision in *Armstrong v. Armstrong,* 15 Cal.3d 942, 544 P.2d 941, 126 Cal.Rptr. 805, 544 P.2d 941 (1976). In *Armstrong,* two children brought suit against their father for past child support, despite the fact that child support had been decreed fourteen years earlier upon the father's divorce from the plaintiffs' mother. The Supreme Court held that plaintiffs were precluded from seeking retroactive relief from the judgment, especially in light of the fact that the defendant had relied upon the finality of the earlier decree establishing support payments. 126 Cal.Rptr. at 810, 544 P.2d at 946. Unlike *Armstrong,* the instant case does not present either a claim for retroactive relief or reliance by the defendants on a prior judgment. *See Ruddock v. Ohls,* 91 Cal.App.3d 271, 154 Cal.Rptr. 87 (1979).

Even if I did conclude that Adrian would be estopped from relitigating the issues relating to the defendants' liability, however, a Rule 19 dismissal would not be justified. Once it is shown that Adrian has an "interest" in the litigation, Rule 19(a) is satisfied only if the disposition of the action in his absence would either (i) as a practical mat-

ter impair or impede his ability to protect his interest or (ii) leave any of the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. As noted above, Adrian could be estopped only if his parents represent "the same legal right" of recovery, *Zaragosa v. Craven, supra,* 202 P.2d at 75, and are "a proper representative of [his] interests." *Armstrong v. Armstrong, supra,* 126 Cal. Rptr. at 810, 544 P.2d at 946. If in fact Adrian's and his parents' interests are so closely aligned that collateral estoppel can be invoked, litigation of the instant lawsuit can take place without, as a practical matter, impairing or impeding Adrian's ability to protect his interest. As Professor Moore has noted:

> The language "as a practical matter" has a restrictive as well as an expansive side. Thus the fact that the absent person may be bound by the judgment does not of itself require his joinder if his interests are fully represented by parties present, and the mere theoretical possibility of prejudice does not require joinder.

3A *Moore's Federal Practice* ¶ 19.07—1[2.—1], at 19–133 (2d ed. 1982) (footnotes omitted). In the case before the Court, plaintiffs have every incentive to reach a result that will benefit Adrian's legal interests as well as their own. On these facts, there does not appear to be any significant likelihood that Adrian's legal interest will be impaired by reason of his absence as a party. Alternatively, Rule 19(a) would require Adrian's joinder if his absence would leave any of the parties, specifically the defendants, subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. There is no risk of double or multiple liability in this case, as Adrian's parents claim damages under their independent cause of action established by section 376 of the Code of Civil Procedure. Inconsistent verdicts, of course, would not result in the event that Adrian is collaterally estopped from relitigating the issues of liability adjudicated in this lawsuit. Ac-

cordingly, I find that neither of the alternatives specified in Rule 19(a)(2) is satisfied even if Adrian were to be subject to collateral estoppel by reason of the privity doctrine.[4]

### 2. *Motion to Strike Portions of the Complaint*

Defendants have also made a motion to strike paragraphs 18 and 42 of the Complaint, both of which seek recovery for the emotional distress suffered "as a direct and proximate result of the negligent care and treatment of defendants." The claim for negligent infliction of emotional distress also alleges that "[t]he lives of plaintiffs have been totally restructured, and for the balance of their normal life span, they will be required to restructure their lives in order to attend to the needs of their severely brain damaged and retarded child . . . . "

■ California law recognizes a cause of action for negligent infliction of emotional distress, but closely circumscribes the circumstances under which recovery may be had. In *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), the California Supreme Court held that a parent's recovery for injuries to her child was proper only if the plaintiff was present at the scene of the injury and suffered shock from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. *Id.* at 740–41, 69 Cal.Rptr. 72, 441 P.2d 912. *Dillon* precludes recovery for merely witnessing the child's distress in this case. Nonetheless, plaintiffs may seek a recovery of damages by parents for their "physical or mental injury sustained in the course of caring for the child and responding to her needs." *Capelouto v. Kaiser Foundation Hospitals,* 7 Cal.3d 889, 892 n. 1, 103 Cal.Rptr. 856, 500 P.2d 880 (1972) (In Bank). The Complaint is interpreted as seeking a recovery within the limits of *Dillon* and *Capelouto,* and as such it states a claim upon which relief may be granted.

---

**4.** Because Adrian is not a person to be joined if feasible within the meaning of Rule 19(a), there is no need to decide whether he must be considered indispensable under Rule 19(b).