# JAMES L. NEWTON AND GEORGE H. NEWTON, Respondents, v. WILLIAM BROWN, Appellant.

FORM OF VERDICT—WAIVER.—A form of verdict can be prepared (leaving the amount blank), and by the Court given to the jury when they retire, and if the adverse party has any objection to such a course, he must interpose his objection at the time. . It is too late to urge it for the first time on a motion for a new trial, or on appeal.

OFFICER AUTHORIZED TO TAKE DEPOSITION.—A person appointed by the Court to take a deposition in another State, must be one of the ·specified local officers mentioned in Section 410 of the Practice Act, otherwise such person is not authorized to take the deposition.

MEASURE OF DAMAGES, EVIDENCE.—Action against a Sheriff in Replevin for certain property seized by such Sheriff, while the property was *in transit*, from Ogden City to San Francisco. ·

*Held.*—That evidence as to the market value of such property at San Francisco, ·was admissable as tending to show in connection with other testimony its market value at the place of detention.

*Held Further.*—That. in assessing the amount of damages the Plaintiff sustained, the jury must be governed by the value of the property at the place of detention.

JUSTIFICATION BY OFFICER.—When an officer justifies a seizure of property, under and by virtue of a writ of attachment held by him, his justification depends solely upon the regularity of the attachment proceedings in the case, and it is immaterial whether the proceedings have ever ripened into a judgment or not.

MOTION FOR A NON-SUIT.—The fact that the Plaintiff is a minor, cannot be urged on a motion for a non-suit. This objection must be taken advantage of in some other manner.

DEPOSITION AS EVIDENCE.—A deposition will not be received in evidence unless the party against whom it is offered was either present at the examination, or had an opportunitv of being so for the purpo›e of cross-examining the wit-: nesses ; but this power and privilege can be waived by his own voluntary act.

APPEAL from the Third District Court.

The facts appear in the opinion.

*Miner, Haydon & Gilchrist,* for Appellant.

*Bennett, Whitney & Kimball,* for Respondents.

EMERSON, J., delivered the opinion of the Court.

This was an action for the claim and delivery of personal property, and a jury trial had, and a verdict for Plaintiff.

The first assignment of error is, that the form of a verdict in his favor was prepared by Plaintiff's Counsel, leaving a blank for the amount of damages. This was handed by Counsel to the Court, and by the Court to the jury, when they retired to consider of their verdict. The jury returned this verdict into Court, with the blank filled with the amount of damages as assessed by them.

We are unable to discover upon what ground a valid objection can be made to the course adopted. It is the duty of Counsel to see that the verdict of the jury returned in their favor is so formally expressed as to sustain the judgment of the Court thereon.

If it were possible to discover any valid objection to this course, it could not possibly be anything more than a mere irregularity, which the Defendant waived by not objecting at the time, and he ought not to be allowed to urge it for the first time either on a motion for a new trial, or in this Court.

The second ground of error relates to the admission in evidence of certain depositions, taken in the City of Omaha, in the State of Nebraska, on the part of the Plaintiffs.

It appears by the record that the person who took these depositions was selected by the Court, and not by agreement of the parties. The commission runs to "Byron Reed, Esq., of the City of Omaha, in the State of Nebraska." He is not described as holding any office whatever. His certificate and return after laying the venue in the County of Douglas, State of Nebraska, states that "I, Byron Reed, a Notary Public in and for said County and State, do hereby certify that under and by virtue of the commission hereunto attached," &c. It was signed as "Notary Public and Commissioner." Whether "Commissioner" for any other purpose than to execute that commission, is not stated.

The Practice Act, Sec. 410, provides that a commission to take the deposition of witnesses residing out of this Territory, "shall be issued to a person agreed upon by the parties, or if they do not agree, to any Judge or Justice of the Peace selected by the officer granting the commission, or to a Commissioner appointed by the Governor of this Territory, to take affidavits and depositions in the States and Territories."

The person selected to execute this commission held neither of the specified local offices, and therefore was not a person whom the Court was authorized to select for that purpose.

The Defendant's objection to the introduction of these depositions was well taken, and should have been sustained. It appears that this evidence was material and must have affected the verdict, and for this error the judgment ought to be reversed.

The property in controversy was consigned to Sacramento and San Francisco, and was seized by the Defendant at Ogden while *in transit.* On the trial testimony was given as to its market value at those points. It was objected to, and the objection overruled. Taking all the testimony together, we see no error in admitting this testimony. It was relevent and competent, as tending to show in connection with other testimony already given, its market value at the place of detention.

37

After telling the jury that if they found the Plaintiffs were the owners of the property, they would then assess the damages for its detention, the Court gave this instruction:

"In fixing the amount of damages for detention, you can consider the market value of the property at Sacramento and San Francisco, the points to which the property was consigned, and legal interest on the value thus found during the detention at Ogden."

The use of this language was well calculated to convey a wrong impression to the minds of the jury. It is more than probable, that they inferred from it that they were at liberty to take the market value of the property at the points named, as the basis upon which to assess the Plaintiffs' damages, when in fact the testimony as to its market value there was only admissable as tending, in some degree, to establish the value at the place of detention, the latter furnishing the true basis upon which to assess the damages.

The giving of this instruction was error.

It appears that the Defendant was Sheriff of Weber county; that he seized the property as such Sheriff under and by virtue of a writ of attachment issued out of the Third District Court, at the suit of Greenwell & Co., against one Forbes, and as the property of said Forbes. He pleads this in justification.

On the trial the Defendant offered in evidence the Court files in the attachment case, all of which were received except the judgment, to the introduction of which an objection was made and sustained. We can not see how the reception or rejection of this piece of evidence could in any view affect the Defendant's case. His justification depended upon the regularity of the attachment proceedings, whether those proceedings ever ripened into a judgment or not.

At the close of the Plaintiffs' case the Defendant moved for a non-suit, on the ground that one of the Plaintiffs was a minor at the time of the commencement of the suit. This motion was denied, and is assigned as error.

· This objection should have been taken advantage of in some other manner; it cannot be reached by this motion. It is not one of the grounds upon which a nonsuit will be granted.

There is nothing in the record to show that the damages as assessed by the jury are excessive. The interest upon the value of the property for the time it was detained, is not the only measure of damages. The testimony shows that a portion of it was of a perishable nature, and that this portion was rendered worthless by the delay. There can be no doubt the jury took this into consideration in fixing the amount of damages, and gave compensation for it.

The depositions of a number of witnesses for the Defendant, were taken in the City of Omaha, on a stipulation between the parties. Both parties were represented by Counsel before the Commissioner agreed upon by them.

It seems that the examination extended through several days. At the close of one day's proceedings, it was adjourned until the day following, pending the examination of a witness. The next day the Counsel for the Defendant appeared with his witnesses. The Plaintiffs Counsel did not appear. The testimony of the witness, whose examination was commenced the day before, was concluded, and that of two others was taken, when the further examination was adjourned until the next day. After this adjournment, Plaintiff's Counsel appeared and demanded that he should have an opportunity to cross-examine the witnesses whose testimony had been that day taken. In the meantime those witnesses had been discharged by the Defendant, and it seems had left the room. An effort was made by an officer, armed with a subpœna, to bring them before the Commissioner, but they could not be found.

On the trial the Defendant offered the depositions of those witnesses in evidence, to the introduction of which the objection was made that the Plaintiff's Counsel had no opportunity to cross-examine the witnesses. The objection was sustained, and the depositions excluded.

It is a general rule that a deposition or examination
will not be received in evidence, unless the party against
whom it is offered was either present at the examination,
or at least had an opportunity of being so, and cross-
examining the witnesses. But if he by his own voluntary
act or neglect has renounced the power and privilege of
examination, the fact that there was no cross-examina-
tion furnishes no ground for the exclusion of the deposi-
tions. It was the duty of the Plaintiff's Counsel to be
present at the time to which the examination was ad-
journed, if he desired to avail himself of the privilege of
cross-examination.

The record discloses that he was present the day be-
fore, and must, therefore, have known to what time the
examination was adjourned. If he chose to absent him-
self, the Defendant should not be made to suffer for it.
This objection should have been overruled.

For the errors above mentioned, the judgment of the
Court below in refusing a new trial is reversed, and a
new trial ordered. The Defendant to recover costs in
this appeal.

WHITE, C. J., and BOREMAN, J., concurred.