James L. Newton et al. v. William Brown.

JAMES L. NEWTON ET AL., RESPONDENTS, *v.* WILLIAM BROWN, APPELLANT.

1. MOTION FOR NEW TRIAL—DISCRETION, ETC.—Where the testimony is conflicting, the granting or refusing a motion for a new trial, on the ground of the insufficiency of the evidence, rests in the discretion of the court, and the Appellate Court will rarely interfere with the exercise of such discretion.

2. REPLEVIN—JUSTIFICATION OF OFFICER.—Where, in an action of replevin, an officer defendant justifies the taking of the property in suit from the possession of a third party, under a judgment or writ of attachment against such party, the judgment or debt must be proven on the trial.

Appeal from the Third Judicial District Court.

Action for the claim and delivery of . personal property, brought by the respondents against the appellant.

The complaint is in the regular form, and alleges that plaintiffs were in possession of the property and were the owners thereof, at Ogden, Utah, on the 28th day of April, 1873; that the value of the property was $10,000, and asks damages for its detention in the sum of $2,000.

The answer admits that plaintiffs were in possession of the property at the time alleged, that it was taken by defendant, the value of the property and damages, but denies the wrongfulness of the taking, and ownership of the plaintiffs.

The defendant also justifies the taking, as sheriff of Weber County, Utah, by virtue of a writ of attachment issued out of the Third District Court, in the case of *Greenwald and Wright* v. *Geo. W. Forbes*, and alleges that Forbes was the owner of the property at the time of its seizure, and asks return of the property.

It is admitted that the plaintiffs retook possession of the property upon the order for delivery in this action, and still retain possession thereof.

A trial was had on the 28th of September, 1877. The only question submitted to the jury was the question of title.

The trial resulted in a verdict for the appellant.

Upon the verdict judgment was entered to the effect that defendant recover possession of the property, or the money value thereof, according to the claim of the defendant under his writ of attachment, to-wit: $1,049 gold coin and $2,040.84 lawful money.

Plaintiffs moved for a new trial, alleged several errors, which motion the court below sustained, and set aside the · verdict and judgment, assigning the following grounds, viz.:

*First*—The evidence does not support the verdict and judgment.

*Second*—That it does not appear from the evidence that the defendant had any interest in the property, or if he had any such interest, to what extent or for what amount.

The other facts are stated in the opinion of the court.

*Woods & McKay,* for appellant.

The law of the case, whether erroneous or not, remains the rule in that case, and cannot be reversed.

In *Leese* v. *Clark,* 20 Cal. 417, Chief Justice FIELD says: "A previous ruling of the Appellant Court, upon a point distinctly made in the case * * * in which it is made, is more than authority, it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves, such has been the uniform doctrine of this court for years, and after repeated examinations and affirmations it cannot be considered as open to further discussion." See 1 Cooley's Blackstone, 70, and note, with cases cited; *Washington Bridge Co.* v. ·*Stewart,* 3 How. 413; Ex parte *Sibbald* v. *United States,* 12 Curtis, 812; *Himely* v. *Rose,* 5 Cranch, 313; *Clary* v. *Hoagland,* 6 Cal. 685; *Dewey* v. *Gray,* 2 Cal. 374; *Gunter* v. *Laffan,* 7 Cal. 589; *Soule* v. *Dawes,* 14 Cal. 249; *Davidson* v. *Dallis,* 15 Cal. 75; *Table Mountain Tunnel Co.* v. *Stranahan,* 21 Cal. 548; *Nieto* v. *Carpenter,*

21 Cal. 455; *Mitchell* v. *Davis*, 23 Cal. 381; *Moore* v. *Murdock*, 26 Cal. 524; *Lucas* v. *San Francisco*, 29 Cal. 591; *Kyle* v. *Tubbs*, 32 Cal. 332; 32 Cal. 131; 32 Cal. 414.

Where the Supreme Court, in revising a judgment and remanding a case for a new trial, passes upon a point of law with a view to a new trial, for the purpose of which it is important, the ruling upon such point, though not essential to the decision, becomes the law of the case in all its future stages. *Table Mountain Tunnel Co.* v. *Stranahan*, 21 Cal. 548.

In the order granting motion for new trial the court set forth as a reason for granting said motion, "that the evidence does not support the verdict nor the judgment."

The Appellate Court will review the testimony if the point is made that the verdict is contrary to the evidence, and if it finds that there is such a conflict that the jury might find either way, without becoming obnoxious to the charge of passion, prejudice, misconception or caprice, the verdict will not be disturbed. *Rice* v. *Cunningham*, 29 Cal. 492; *Kyle* v. *Tubbs*, 32 Cal. 333.

A verdict will not be disturbed as against evidence when there is a substantial conflict of evidence. *Livermore* v. *Stone*, 43 Cal. 275; 44 Cal. 591; 42 Cal. 523; 35 Cal. 129, 646; 40 Cal. 165, 386; 42 Cal. 298, 358; 41 Cal. 61, 263, 510.

*Sutherland & Kimball*, for respondents.

We maintain that the ruling of the court is correct. The evidence shows that the plaintiffs (respondents,) were strangers to the suit in which the attachment issued, and, indeed, we do not doubt that appellant will concede that fact. It is admitted that plaintiffs (respondents,) were in possession of the property at the time of its seizure.

This makes a *prima facie* case for respondents, to defeat which the appellant must show: (1) That the defendants had no title to the property. (2) Or if they had title, it was obtained in fraud of the creditors of the attachment debtor, and to lay the foundation for proof of either of those facts (the

plaintiffs being strangers to the suit in which the writ issued,) the defendants must first show that the attachment creditor was a creditor of the attachment debtor, either by a judgment in that case or other proper evidence. *Thornbergh* v. *Hood*, 7 Cal. 554; *Paige* v. *O'Neil*, 12 Cal. 495; *Knox* v. *Marshall*, 19 Cal. 620; *Mamlock* v. *White*, 20 Cal. 598; *McMinn* v. *Wheeler*, 27 Cal. 315; *Sexey* v. *Adkinson*, 34 Cal. 350; *Rinchey* v. *Stryker*, 28 N. Y. 52; *Damond* v. *Bryant*, 2 Pick. 412, and cases there cited.

To meet the authority of the cases before cited, the appellant cites the opinion of this court in this case found in 1 Utah, 287, and quotes this part of that decision: "We cannot see how the reception or rejection of this piece of evidence could in any view affect the defendant's case. His justification depended upon the regularity of the attachment proceedings, whether those proceedings ever ripened into a judgment or not," and claims it to be the law of the case, and conclusive upon this point. This ruling was made upon the exception of the defendant to the rejection of certain testimony, at that trial of the case, and was against him, it was not the point upon which the case turned, as will appear by a mere reading of that decision.

EMERSON, J., delivered the opinion of the court.

This is an appeal from an order granting a new trial.

The grounds upon which the motion is granted, as stated in the order, are (1) "That the evidence does not support the verdict or judgment, and (2) That it does not appear from the evidence that the defendant had any interest in the property, or if he had any such interest, to what extent or for what amount."

When the motion for a new trial is founded upon the insufficiency of the evidence to support the verdict and judgment, a large discretion is vested in the court below, in refusing or granting the motion. It must plainly appear that this discretion has been abused before the Appellate Court will interfere with this action in granting the motion upon this ground.

9

In the case before us, the record shows that the testimony was, to say the least, very conflicting, and in such cases the granting or refusing a new trial rests peculiarly in the discretion of the court. *Weddel* v. *Stark*, 10 Cal. 302; *Brady* v. *O'Brien*, 23 Cal. 243.

There was no abuse of discretion in this case, and for this reason alone the judgment of the court below should be affirmed. We are also of opinion that the action of the court below should be sustained for the second reason assigned by the court for granting the motion.

This was an action in claim and delivery of personal property, alleged to have been wrongfully taken from the possession of the respondent.

The appellant's answer denies the *wrongful* taking of the goods, but does not deny but that they were taken from the respondents' possession. The appellant justified the taking, as sheriff of Weber County, upon an attachment against one Forbes and in favor of Greenwell & Co., and alleges that the property in question was the property of said Forbes.

It will be observed that the respondents in this case are strangers to the attachment proceedings. The appellant had only a special interest in the property—a special lien upon it—for the purpose of making the amount of any judgment which might be obtained in the attachment suit.

Upon the trial the appellant contented himself with offering in evidence the attachment proceedings, showing simply their irregularity. No offer or attempt was made to prove the existence of any debt.

The authorities are clear that where the property is taken from the possession of a third party claiming title to them, a judgment must be shown if the officer justifies under an execution or a debt, if under a writ of attachment.

To meet this we are referred to the language used by us, when the case was before us on a former appeal. 1 Utah, 287. We then said, in speaking of the rejection of the offer to prove the judgment in the attachment proceedings: "We cannot

see how the reception or rejection of this piece of evidence could in any view affect the defendant's case. His justification depended upon the regularity of the attachment proceedings, whether those proceedings ever ripened into a judgment or not."

There is no statement of that case further than is shown in the opinion itself, and we cannot now know all that was disclosed in the record, but in order to justify the language there used, it must have appeared by the proof and in the record, that the property in question was taken by the appellant from the possession of the debtors in the attachment suit.

In this case it appears to have been taken from the possession of the respondents, who are strangers to that proceeding, and are claiming title to it, and proof of the debt was necessary.

The judgment of the court below, in ordering a new trial, is affirmed.

SCHAEFFER, C. J., and BOREMAN, J., concurred.