| 12 405 |
| 6a 372 |

ARGENTINE FALLS SILVER MIN. CO., LIMITED, V. MOLSON.

DEPOSITIONS — COMMISSION.— Code of 1883, section 375, provides that the commission to take a deposition without the state shall be issued to a person agreed on by the parties, or, if they do not agree, to one of certain officers named, selected by the officer granting the commission. *Held*, that a deposition taken under a commission not issued to a person selected by the parties or officer issuing it, but directed to any of certain officers, including officers not named in the statute, and sent to the witness, and returned with a certificate signed " W. A. A., Commissioner," there being nothing to show that A. was an officer, could not be read.

*Appeal from County Court of Hinsdale County.*

THE appellee here, Charles A. Molson, was plaintiff below, and recovered judgment on verdict. It appears that after notice had been duly given by the said plaintiff that he would apply for a commission to take the deposition of J. W. Plummer, a witness residing in Deer Lodge county, in the territory of Montana, the parties signed and filed a stipulation as follows:

" In the above entitled cause, 'it is hereby stipulated that the defendant have until April 13, 1885, in which to file cross-interrogatories to take deposition of John W. Plummer, and upon that day, at 10 o'clock A. M., the commission therefor shall issue."

The commission issued on that day as follows: " To any notary public, justice of the peace, clerk of a court of record, or any other party authorized to administer oaths in Deer Lodge county, territory of Montana." The commission was sent by the clerk of the said court to the said witness Plummer, at Phillipsburgh, in said Deer Lodge county. The deposition of said witness was there taken, and a certificate to the return thereof with said commission was signed as follows: " W. A. Acres, Commissioner." There was nothing showing that said Acres was clothed with any official character. Motion was duly made by appellant to suppress this deposition, for the

reason that the commission was not issued to any one selected by the parties, nor to any one selected by the clerk, and that it did not appear that said deposition was taken by any person having authority in the premises to take the same, which motion was denied, and afterwards, upon the trial of the case against the objection of the said defendant there, was read in evidence. These rulings of the court constitute the chief error assigned on this appeal.

Mr. J. C. BELL, for appellant.

Mr. J. WARNER MILLS, for appellee.

STALLCUP, C.   Section 375 of the Code (1883), which provides for taking the depositions of witnesses out of the state, is as follows: "The deposition of a witness out of the state shall be taken upon commission issued by the clerk of the court under the seal of the court where the suit is pending, on the application of either party, upon five days' previous notice to the other, which notice shall be accompanied by a copy of the interrogatories to be attached to the commission. It shall be issued to a person agreed upon by the parties, or, if they do not agree, to any judge or justice of the peace selected by the officer granting the commission, or to a commissioner appointed by the governor of the state to take affidavits and depositions in other states and territories, or to a notary public. The adverse party may file and have attached to the commission such cross-interrogatories as he may desire."

The court erred in overruling the objections made to the deposition, and in allowing the same to be read in evidence on the trial. In this instance it appears that no person was selected, either by the parties or the officer, and the commission issued so that it might be executed by parties not designated in the section quoted. It does not appear that the said W. A. Acres was an official

person at all, and, not being a person agreed to by the parties, or selected by the officer, the said objections were well taken. Such a departure from the letter and spirit of the provisions quoted cannot be sanctioned. It appears that the evidence was material, and must have affected the verdict.

The other questions presented arise chiefly upon the general rules of evidence and the statute upon change of the place of trial on account of prejudice. As they will not necessarily arise upon another trial of the case, it is deemed unnecessary to consider them. The judgment should be reversed.

DE FRANCE and RISING, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.