### GREENE v. TALLY.

1. APPEAL—ERRORS.—Where the judgment of the Circuit Court reverses the judgment of the trial justice without stating any grounds, the judgment of the Circuit Court must be reversed on appeal, unless it appears that some of the exceptions before him required a reversal.

2. TRIAL JUSTICE—TESTIMONY DE BENE ESSE.—Testimony taken by a notary public in another State, by order of the trial justice, after four days' notice of the application for the order, affidavit of materiality and non-residence, and interrogatories to be propounded, and the testimony so taken certified under official seal, and the "Case" not showing that the other requirements of the law (Act of 1883, 18 Stat., 313) were not complied with, was properly admissible in evidence.

3. EVIDENCE—OPINION.—An interrogatory, whether certain transactions between plaintiffs and defendant "constituted indebtedness," did not call for a conclusion of law when it was only a portion of interrogatories which brought out all the details of these transactions.

4. EXCEPTIONS—APPEAL—RECORD.—An exception sustained which imputed error to the Circuit Judge in sustaining an exception to the trial justice in admitting hearsay testimony, where the "Case" does not show that the trial justice received any such testimony.

5. APPEAL FROM TRIAL JUSTICE—FACTS—APPEAL.—This court cannot reverse the Circuit Judge's ruling, that the testimony was insufficient to sustain the judgment of the trial justice, even if persuaded that the Circuit Judge was mistaken.

6. IBID.—NEW TRIAL.—Where the testimony is insufficient to sustain the judgment of a trial justice, the Circuit Judge on appeal should order a new trial, and not simply reverse the judgment appealed from.

7. GENERAL EXCEPTIONS not considered.

Before ALDRICH, J., Greenville, December, 1892.

Action by Greene, Rea & Co. against J. A. Tally.

*Mr. J. C. Jefferies,* for appellant.

*Mr. A. Blythe,* contra.

June 13, 1893.    The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.    The plaintiffs brought this action in a trial justice court on an account for goods sold and delivered by plaintiffs to defendant, and having recovered

judgment there, the defendant appealed to the Court of Common Pleas, where it was heard by his honor, Judge Aldrich. Upon hearing the appeal the Circuit Judge signed the following order: "Upon hearing the exceptions to the trial justice judgment in this case, after argument of counsel, it is ordered that the exceptions be sustained and the judgment of the trial justice be reversed, with costs of appeal." From this order plaintiffs appeal upon the several grounds set out in the record. Inasmuch as the order sustaining the appeal gives no reason for the conclusion reached by the Circuit Judge, we are left to conjecture as to the grounds upon which he based his conclusion. The phraseology of the order implies that he sustained *all* of the exceptions to the judgment of the trial justice, and, therefore, if there was any one of the exceptions improperly sustained, the order appealed from must be reversed, unless it appears that some other exceptions rendered it necessary to reverse the judgment of the trial justice.

For a proper understanding of the questions raised by this appeal it is necessary to make the following statement derived from the "Case." It appears that the summons was personally served on the defendant on the 22d of September, 1892, and the 12th of October, 1892, was the day appointed for the trial. On the 11th of October, 1892, defendant's counsel was served with a notice in writing by plaintiff's counsel that at the expiration of four days from the service of the notice, application would be made to the trial justice "for a commission to take the testimony *de bene esse* in writing of Ed. L. Greene in answer to the within interrogatories." To this notice was appended an affidavit of the materiality of the witness, and of his residence beyond the limits of the State, to wit: at Yadkin College, N. C. Pursuant to this notice the trial justice, on the 15th of October, 1892—the trial of the cause being continued until the 19th of October, 1892—granted an order appointing W. S. Owens, a notary public of Yadkin College, N. C., to take the testimony above referred to. It appears from the certificate of said W. S. Owens, under his notarial seal, that the testimony was taken on the 17th of October, 1892, and enclosed to the trial justice. When the case came up for trial, on the 19th of

October, 1892, both parties announcing themselves as ready for trial, plaintiff's counsel moved to open the testimony, which was objected to by defendant's counsel, upon what ground does not appear, but the objection was overruled and the testimony was read.   Thereupon the plaintiffs rested, and defendant offering no testimony, the trial justice, after hearing argument of counsel, rendered judgment in favor of the plaintiffs for the amount of their account.

The first exception to the judgment of the trial justice was that the commission to examine the witness above named "was improvidently, prematurely and illegally issued," and the same question substantially is raised by plaintiffs' first ground of appeal from the order of the Circuit Judge.   It will be observed that it does not appear upon what grounds the commission to take the testimony, was claimed to be either improvidently, prematurely or illegally issued, and we are, therefore, left to conjecture what were the grounds. We must suppose that the position relied upon was taken under the provisions of section 849 of General Statutes as it originally read, overlooking the amendments made thereto by the act of 1883 (18 Stat., 313), for while by the section as it originally read, such testimony could only be taken by the trial justice himself, "or cause the same to be done by another trial justice," by the amendment the testimony may be taken not only in that way, but also by any "other officer authorized by law to administer oaths."   And as a notary public is an officer authorized by law to administer oaths (Gen. Stat., § 523), even when a resident of another State (see act of 1888, 20 Stat., 1, as amended by the act of 1891, 20 Stat., 1041), provided he "shall use his official seal," it is clear that the testimony taken by a notary public in North Carolina, and certified to under his notarial seal, was duly taken and admissible in evidence.

If, however, the ground of objection was, that the parties to the cause did not "have notice thereof in time to be present, if they, or either, should choose to be present," as required by section 849, as it originally read, a sufficient answer would be that defendant did have notice, on the 11th of October, 1892, of the proposed examination, which was not had until

the 17th of that month; and it does not appear that this notice did not afford sufficient time for him to be present at the examination of the witness if he so desired. But, in addition to this, the amendment of 1883, above referred to, after providing for the notice above referred to, adds these words: "or notice by either party to the other of interrogatories to be propounded to such witness, with four days' time given the party notified to prepare cross-interrogatories," &c. With this latter alternative the plaintiffs seem to have strictly complied. But if the objection was that the last proviso to the act, requiring that the examination, when taken by another, "shall be sealed up, with the title of the case endorsed, and conveyed by a disinterested person to the trial justice authorizing the same, or mailed and the postage prepaid," was not complied with, it is sufficient to say that there is nothing in the "Case" to show, or even indicate, a failure to comply with such requirement; and in the absence of any such showing, under the well settled rule, we would presume that the officers charged with this business had done their duty. We do not see, therefore, how, under any view of the matter, the first exception by the defendant to the judgment of the trial justice could have been properly sustained, and we are of opinion that the plaintiffs' first ground of appeal from the order of the Circuit Judge was well taken.

This would be sufficient to dispose of this appeal, for it does not seem to us that any of the other exceptions to the judgment of the trial justice, so far as they raise questions of law, which alone we can consider, were well taken. The second, third and fourth exceptions, raising, practically, the same questions as those raised by defendant's second, third and fourth grounds of appeal, seem intended to raise the question as to the competency of certain questions submitted to the witness Greene, and his answers thereto. These exceptions are so general in form that the specific grounds of objection are not very clear. They seem to be aimed at interrogatories three, four, and five. In the first, the question, substantially, was whether plaintiffs' firm had any transaction with the defendant; to which the only answer was "Yes;" and

we are unable to perceive what objection to either question or answer could justly be made. The fourth interrogatory was substantially to this effect: If you say your firm had any transaction, or transactions, with defendant, state when the same occurred, what was the nature of the same, and "whether or not the same constituted indebtedness." The answer was yes, had two transactions with defendant, the first on April 1st, 1892, and was for a bill of plug tobacco; the second on 27th April, 1892, and was for a bill of plug tobacco, "and that the same constituted indebtedness." Then follows a detailed statement of the items involved in each transaction, giving the number and sizes of the tobacco boxes, the kind of tobacco in each, the prices and the number of pounds. We are unable to perceive any valid objection to either question or answer, for though neither is couched in artistic language, and both might have been made more full and explicit, yet we see no valid objection to the competency of either question or answer. The words placed within quotation marks in the interrogatory as well as in the answer seem to be relied on as tending to extract an opinion of the witness rather than a statement of a fact. But viewed in the light of all the circumstances, it does not seem to us that such was the necessary or even legitimate effect of those words. See *Miller* v. *George*, 30 S. C., 526. The fifth interrogatory, which simply called for a statement of the dates and amounts of the transactions above referred to, was certainly not open to any valid objection, and the response thereto was clearly competent.

The fourth ground of appeal, which [alleges error in sustaining one of defendant's exceptions, which] seems to be based upon the idea that the witness was not confined to the statement of facts *within his own knowledge*, is well taken, for the reason that there is nothing in the "Case" which even tends to show that the witness was not speaking of his own knowledge, and nothing to warrant the assumption that he was testifying from hearsay.

As to the fifth ground of appeal, which imputes error to the Circuit Judge in holding that there was not sufficient evidence to support the judgment of the trial justice, we are com-

pelled to say that we have no jurisdiction to consider findings of fact in a case like this (*Nichols* v. *Railroad Company*, 23 S. C., 604), and, therefore, although we might think that the Circuit Judge erred in holding (if he did so hold) that the testimony, which we have held to be competent, was insufficient to sustain the judgment of the trial justice, yet we have no authority to reverse such ruling, if it was, in fact, made. The sixth ground has already been disposed of by what we have said in considering the first ground of appeal.

The seventh ground of appeal alleges error on the part of the Circuit Judge in simply reversing the judgment of the trial justice, instead of ordering a new trial. Not knowing exactly the ground upon which the Circuit Judge rested his conclusion, we are unable to consider this ground intelligently, though we may say that the whole case strikes us as one in which the Circuit Judge should, in the most unfavorable view which could be taken of the plaintiffs' case, at most have granted a new trial, instead of simply reversing the judgment of the trial justice, which might possibly have the effect of finally adjudging the case adversely to the rights of the plaintiffs.

The remaining grounds of appeal are either too general in their character to warrant notice, or the points raised thereby, having been already passed upon, need not be further considered.

The judgment of this court is, that the order appealed from be reversed, and that the case be remanded to the Circuit Court for a new trial of the appeal under the views herein announced.