[Civ. No. 449.  Second Appellate District.—January 28, 1908.]

STANLEY KING, Respondent, v. E. K. GREEN, Appellant.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH OILER OF STREET RAIL-
  WAY TRACK—UNDUE SPEED.—In an action to recover damages for
  the negligence of the driver of an automobile while crossing a
  street in colliding with plaintiff while engaged as an employee
  of a street railway company in oiling its track, where there was
  evidence showing that the automobile was driven very fast, at an
  undue rate of speed, across the street, accepting such evidence as
  true, the negligence of the defendant might be declared as matter
  of law, and a finding of his negligence is sufficiently supported. Un-
  der such circumstance, it was defendant's duty to proceed slowly
  and with circumspection if he would escape liability for injury to
  the plaintiff.

ID.—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—QUESTION OF FACT—
  EVIDENCE SUPPORTING FINDING.—The rights of a laborer whose
  duties require him to be on the roadway cannot be governed by the
  same rules as that of an ordinary pedestrian; and when his duties
  required him to move backward along the rail which he was oiling,
  and he was found to have been exercising due care when struck,
  the question of such care or the want of it was one of fact, to be
  determined from all the facts and circumstances surrounding him.

at the time, and taking the facts most favorable to the finding, the evidence clearly shows that the plaintiff was not negligent.

ID.—IRREGULAR DEPOSITION—SPECIFIC OBJECTION ESSENTIAL—WAIVER. Though a deposition taken out of the state upon a commission directed to "any notary public or other officer authorized to take depositions" in the county and state specified without designating anyone, is irregular, under section 2024 of the Code of Civil Procedure, yet where there was no motion to suppress the deposition for the irregularity, and no specific objection thereto was urged upon that ground when it was offered in evidence, or is set forth within the bill of exceptions, it is deemed waived.

ID.—EFFECT OF GENERAL OBJECTIONS.—A general objection to a deposition reaches its relevancy, competency or the legal effect of its testimony only, and will not be considered as extending to any matter of form or question of regularity or authority in respect to the taking of the deposition, and objections that no legal proceedings have been taken, that it is without authority of law, and was inadmissible, irrelevant and immaterial, were too general to call the specific attention of the court to the irregularity in not naming a special commissioner.

ID.—BILL OF EXCEPTIONS.—A specific objection to the irregularity or want of authority to take the deposition, must be pointed out with reasonable precision and certainty, and if overruled in the superior court, must be set forth in the bill of exception, and no exception not then taken and set forth in the record can be raised or assigned as error upon appeal.

ID.—DAMAGES NOT EXCESSIVE.—Where it appears that the plaintiff was permanently injured by the defendant's negligence, and the trial court had before it the wage-earning ability of the plaintiff, and his expectancy of life, and was entitled to consider those other elements of damage for which a jury may determine the compensation, *held*, that its finding of damages in the sum of $7,000 was not excessive.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, and James H. Blanchard, for Appellant.

John-Murray Marshall, Percy R. Wilson, and W. W. Middlecoff, for Respondent.

TAGGART, J.—An action to recover damages for personal injuries sustained by plaintiff by reason of the negligent operation of an automobile by defendant.

The case was tried by the court without a jury, and judgment was for plaintiff in the sum of $7,000.

Defendant appeals from the judgment and the order of the court denying his motion for a new trial.

The complaint alleges that plaintiff was an employee of the Los Angeles Street Railway Company, among whose duties was that of oiling the tracks of the company in certain streets of the city of Los Angeles. That in pursuance of his employment he was, at the time of his injury, engaged in oiling the company's tracks in East First street near the corner of Chicago street.. While he was so engaged, defendant, who was driving an automobile in and along East First street at a high rate of speed, carelessly and negligently ran into and permanently injured him.

The answer of defendant denies negligence on his part and alleges that plaintiff was guilty of contributory negligence.

The circumstances under which plaintiff was injured were substantially as follows: Chicago street runs approximately north and south, and First street east and west. The former is sixty and the latter eighty feet wide. While the lines of Chicago street are continuous at the intersection, those of First street "offset," and from the south line of First on the east side of Chicago to the north line of First on the west side of Chicago is more than a hundred feet. The traveler on First street must pass this distance along Chicago street in order to get from one part of First street to the other, and there is a double line of street-car tracks on First street which passes across and along Chicago street at this place. Plaintiff's evidence shows that he was oiling the southernmost rail of the two tracks on First street, just east of the east line of Chicago street, when he was struck. That he was moving eastward but facing toward the west, had a bucket of oil in one hand and a swab in the other, and was using the latter to apply the oil to the inside rail of the inside track around the curve, thus bringing him near the curb on the south side of First street. That defendant approached him from behind, coming diagonally across both tracks from the north side of First street to the east side of Chicago street instead of continuing around the outside of the railway curve on

the north side of First street and passing down the west side of Chicago street. Plaintiff testified he heard no noise of any approach and there was no positive testimony that the horn on the machine was sounded in warning. The line of travel through Chicago street from one intersection of First street to the other passes between two blocks of brick buildings. These buildings are of such a character as to obstruct from the view of one approaching the corner from one street a vehicle or car on the other street. The speed at which defendant was traveling, as described by plaintiff's witnesses, was "very fast," one witness estimating it at twenty-five to thirty miles an hour.

Accepting plaintiff's evidence as true, and the negligence of the defendant might be declared as a matter of law; therefore, the objection of respondent that the inference of fact to this effect by the trial court in its findings is not supported by the evidence cannot be sustained. Under the circumstances here shown, it was the duty of the driver of the vehicle to proceed at a slow pace and with great circumspection if he would escape liability even to a pedestrian for injuries done to him. (*Sykes* v. *Lawlor*, 49 Cal. 238.)

Respondent's defense of contributory negligence rests upon the fact that the plaintiff, according to his own testimony, was moving backward and not looking out for his own safety at the time he was struck. His testimony cited in support of this contention is: "I had to go backward. My back was toward the east. He (I) can't be looking every minute. I started right back to oil. I got a few feet and I thought I had better look up to see if anything was approaching, and I didn't get more than half way turned around—I didn't get turned around east enough to see—before I was struck."

Negligence is a comparative and not a positive term, and its use is relative whether applied to the negligence of the defendant or that of the plaintiff. For this reason in most cases it becomes a question of fact for the jury to determine who was negligent under the circumstances of the case. The degree of care which in one case is insufficient to relieve from a charge of negligence in another might constitute more than ordinary prudence and caution. Had a pedestrian with no occupation requiring his presence in that part of the street devoted to the use of vehicles been struck by a passing vehicle while he was backing along the roadway without looking to

see where he was going, it is clear that he would have been guilty of contributory negligence. (*Niosi* v. *Empire Laundry Co.*, 117 Cal. 260, [49 Pac. 185].) But the rights of a laborer whose duties require him to be in the roadway cannot be determined by the same rule. Not that he is bound to exercise any less care, but because the care to be exercised must be determined from a different standpoint. (18 Am. & Eng. Ency. of Law, 2d ed., p. 586.) The proper discharge of his duties required plaintiff to move backward along the rail which he was oiling. He did this in such a manner as to face in the direction from which any car or vehicle obeying the "law of the road" (Pol. Code, sec. 2931) would approach, and also looked in the other direction often enough to satisfy the trial court that he was exercising due care at the time he was struck. His care or want of care was a fact to be determined from all the circumstances surrounding him at the time. (*Clark* v. *Bennett*, 123 Cal. 277, [55 Pac. 908].) It was for the jury to determine what would have been the conduct of a person of ordinary prudence under the circumstances of the case, as well as to determine whether or not the facts show negligence. The verdict of the jury is conclusive, both as to the existence of negligence and its effect as contributing proximately to the injury, unless a contrary conclusion necessarily follows from undisputed facts. (*Schneider* v. *Market St. Ry. Co.*, 134 Cal. 488, [66 Pac. 734].)

In considering as a question of law the relative negligence of plaintiff and defendant, and the conduct of either or both as contributing to the injury, an appellate court will assume that the jury took any view of the facts, justified by the evidence, which tends to support the verdict. (*Scott* v. *San Bernardino etc. Co.*, 152 Cal. 604, [93 Pac. 677].) The same rule holds good as to the findings of fact by the court where a jury is waived. So considered, the evidence in the case at bar clearly sustains the finding of the court that plaintiff was not negligent.

The deposition of the witness Matthews introduced on behalf of the plaintiff was taken upon a commission which was directed to "Any Notary Public or Other Officer Authorized to Take Depositions in the County of Noble, State of Indiana," and the return and certificate show that the deposition was taken before "Levi W. Welker, Notary Public." It was not taken under a commission directed to a "judge,

justice of the peace, or commissioner selected by the court or judge or justice issuing it,'' as required by section 2024 of the Code of Civil Procedure.

Counsel for defendant had notice of all the steps preliminary to the issuance of the commission and the settlement of the interrogatories, but proposed no cross-interrogatories and made no objections to the form in which, or the person to whom, the commission was directed. When the deposition was tendered in evidence he objected to its introduction in evidence upon the following grounds and in the following language: ''We object on the ground that no proper showing has been made, or proper authority given for taking the same, no interrogatories have been settled, or cross-interrogatories settled, or legal notice given that there was to be any time given for settling interrogatories or cross-interrogatories, no order was granted for taking the deposition, and that no legal proceedings have been taken for the taking of this deposition, and that it is without authority of law, or order of this court, and it is inadmissible, irrelevant, immaterial and incompetent.''

The testimony contained in the deposition tended to establish that plaintiff was engaged in his occupation of oiling the tracks of the street railway and thereby accounted for conduct on his part which would have been negligence in a mere pedestrian. It bore directly upon the issue of contributory negligence, and we must therefore assume that it was material and that the court gave it some weight in determining that issue. (*Smith* v. *Westerfield,* 88 Cal. 383, [26 Pac. 206]; *Salinas Bank* v. *De Witt,* 97 Cal. 80, [31 Pac. 744]; *Rulofson* v. *Billings,* 140 Cal. 460, [74 Pac. 35].)

It is a primary rule that the person taking a deposition must be one authorized by law. The person who is to take it should be named, unless the commission be directed to an officer, authorized by statute, by his official title. (6 Ency. of Pl. & Pr. 493, 494, 499.) Some of the cases hold that even where directed to an officer of one of the classes enumerated by the statute the particular one must be selected by the officer, issuing the commission. (*De Renzes* v. *De Renzes,* 115 La. 675, [39 South. 805]; *Newton* v. *Brown,* 1 Utah, 287; *Argentine etc. Co.* v. *Molson,* 12 Colo. 405, [21 Pac. 190].)

Conceding that the deposition was irregularly taken and that the testimony therein was material, the objection to its

admission which is now urged as a reason for the reversal
of the judgment was not particularly specified or called to
the attention of the trial court. While the rule requires this
in respect to all objections to the trial court's rulings, it is
emphasized by the courts in regard to objections made to a
deposition on the ground of irregularity or want of author-
ity in its taking. In most jurisdictions such defects must be
taken advantage of by a motion to suppress the deposition.
Such a motion is required to be made before the trial and
must specify the irregularity with particularity, or the mo-
tion will be denied and the objection be deemed to have been
waived. The reason for the rule being that the party in
whose favor the deposition was taken should be given an
opportunity to retake it, and remedy the defect complained
of if the deposition was inadmissible because of an irregu-
larity in its taking. (*Manning* v. *Gasharie,* 27 Ind. 399; 6
Ency. of Pl. & Pr. 591, 594.)

The reason for the rule is as worthy of consideration under
our system of practice as where the motion to suppress ob-
tains, and the requirement of a specification of the particulars
wherein the taking is defective is as necessary when it is
pointed out by objection at the trial as where the defect is
urged by a motion to suppress. As said in Weeks on Depo-
sitions (section 389) : "A general objection to a deposition
reaches the relevancy, competency or legal effect of the testi-
mony only, and will not be considered as extending to any
matter of form or question of regularity or authority in re-
spect of the taking of such deposition. If it be liable to
objection on either of the latter grounds, the specific ob-
jection must be pointed out with reasonable precision and cer-
tainty, and if overruled in the inferior court, must be set
forth in the bill of exceptions; and no exception not thus
taken and set forth in the record can be raised or assigned
as error on appeal. To hold otherwise would not infrequently
enable a party to obtain a reversal, perhaps on some ground
merely formal or technical, not made in the inferior court,
and which, if it had been taken there, might have been easily
obviated." (*Garvin* v. *Luttrell,* 10 Humph. (Tenn.) 20;
*Green* v. *Tally,* 39 S. C. 338, [17 S. E. 779]; *Blackburn* v.
*Morton,* 18 Ark. 384.)

The only specific objections stated, that no interrogatories
**or** cross-interrogatories were settled, no legal notice given

and no order was made for the taking of the depositions, etc., have no support in the record. The objections that no legal proceedings have been taken, that it is without authority of law, that it was inadmissible, irrelevant and immaterial, were too general to call the specific defect relied upon here to the attention of the trial court and cannot be made the basis of a reversal of the judgment. (*Green* v. *Tally*, 39 S. C. 338, [17 S. E. 779].)

We cannot say that the amount of damages awarded is excessive. The court had before it the wage-earning ability of the plaintiff and his expectancy of life according to the mortality tables used by the insurance companies of the United States. It was also entitled to consider those other elements of damage for which a jury alone must determine the compensation. (*Skelton* v. *Pacific Lumber Co.*, 140 Cal. 507, [74 Pac. 13].) We are not prepared to disturb its finding in this respect.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1908.