[Civ. No. 1047.   Fourth Appellate District.—August 14, 1933.]

LESLIE A. WOODS, Plaintiff and Respondent; THE PEOPLE, Plaintiff in Intervention and Respondent, v. G. W. WISDOM, Appellant.

Irving E. Read for Appellant.

A. F. Molina for Plaintiff and Respondent.

MARKS, J.—On the twenty-seventh day of July, 1931, plaintiff was working on United States Highway Number 80 at a point between Bostonia and Johnstown in the county of San Diego. He was an employee of the State Department of Public Works, Division of Highways.

United States Highway Number 80, which at this point runs in an easterly and westerly direction, has a paved portion in its center sixteen feet in width, with an eight-foot shoulder on its south side and an eleven-foot shoulder on its north side, both of which were fit for use by pedestrian and vehicular traffic on the day in question.

At the point of the accident involved here, a grader was being driven easterly along the southerly portion of the highway by J. D. Williamson, another employee of the State Department of Public Works, Division of Highways. The plaintiff was riding on the rear of the grader. One of his duties required that he keep the paved portion of the highway clear

of loose stones. Seeing several stones lying on the northerly edge of the pavement, he jumped from the grader and proceeded across the highway to remove them. He saw an automobile approaching from the east at a distance of about 600 feet. While removing the stones he saw the approaching car a second and a third time, the last when it was about 75 yards distant from him. He was standing on the extreme northern edge of the pavement facing in a northwesterly direction when he was struck by the defendant's car and seriously injured. The grader was using the southerly eighteen inches of the pavement and the southerly dirt shoulder. The day was clear, the pavement was dry and there was no other traffic on the highway.

The plaintiff filed this action to recover damages for his injuries, and the intervener filed its complaint in intervention to recover the moneys expended by it under the Employers' Liability Act of the State of California. The jury returned a verdict against the defendant and the judgment followed, which he seeks to have reversed on this appeal.

The defendant presents as ground for a reversal of the judgment, first, that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law; second, errors of the trial court in its rulings on the admission of evidence; third, errors of the trial court in instructions given and in instructions refused.

In presenting his first ground for a reversal, defendant urges that as the plaintiff knew an automobile was approaching from the east it was contributory negligence for him to continue his work of removing the stones while standing on the paved portion of the highway. In this connection it should be observed that there was at least 13 feet of the paved portion of the highway clear and unobstructed between the grader and the plaintiff over which the defendant could have driven his car in safety without endangering either himself, the driver of the grader, or the plaintiff. It seems clear, under the circumstances, that if the defendant had been observing the road ahead and had used even the slightest degree of care he would not have driven his automobile into plaintiff and caused his injury.

It has been repeatedly held that a laborer, whose duties require him to be in a public street, is not required to be constantly on the lookout for approaching vehicles

since he should devote his time to the performance of his duties. Under such circumstances it is the duty of the driver of a motor vehicle to keep an alert watch for laborers on the street and avoid running them down. The laborer is entitled to keep his mind on his work and it is not negligence as a matter of law for him to fail to continually look and listen for approaching vehicles. (*State etc. Ins. Fund* v. *Scamell*, 73 Cal. App. 285 [238 Pac. 780]; *Regan* v. *Los Angeles Ice etc. Co.*, 46 Cal. App. 513 [189 Pac. 474].)

Under such circumstances the contributory negligence of the laborer is a matter of fact to be determined by the jury. (*King* v. *Green*, 7 Cal. App. 473 [94 Pac. 777].) The jury having found the plaintiff free from contributory negligence and the defendant guilty of negligence which proximately caused the injury, we cannot disturb the judgment on appeal.

The defendant complains because the trial court overruled his objections to questions eliciting answers to the effect that the defendant failed to sound his horn in approaching the place of the accident. He urges that as the plaintiff knew of the approaching automobile it was not necessary for the motorist to give any alarm. The evidence discloses that defendant ran down a workman, who was in plain view, working on the street, without sounding any warning of his approach and while there were unoccupied portions of the street over which he might have driven if he had changed the direction of his car slightly and thereby have avoided the accident. We have concluded that under these circumstances the motorist who fails to change the direction of his car should give timely warning of his approach by sounding his horn and thus give the workman the lone chance of a jump for safety. It would seem that some warning should be given before a blow is struck by a dangerous agency such as a fast moving automobile. Common courtesy should require the warning and the law should demand no less. Under similar circumstances evidence of the failure to give such warning has been held proper. (*Devecchio* v. *Ricketts*, 66 Cal. App. 334 [226 Pac. 11]; *King* v. *Green, supra.*)

The first instruction given of which defendant complains consisted of a correct summary of subdivision *a* of section 113 of the California Vehicle Act. It was proper to

give this instruction. The other instruction about which complaint is made contains a quotation from section 95 of the same act. Under the authority of *King* v. *Green, supra,* and *Devecchio* v. *Ricketts, supra,* this instruction was also proper.

The refused instruction to which defendant calls our attention laid particular emphasis on the testimony of defendant. It was amply covered by other instructions given and there was no error in refusing it.

Defendant has failed to present in his brief, or a supplement thereto, other instructions given bearing upon the same subjects as those given and refused of which he complains. Although not required to do so under these circumstances (*Coats* v. *Hathorn,* 121 Cal. App. 257 [8 Pac. (2d) 1038]), we have examined all the instructions given by the trial court and find they correctly cover the law applicable to this case.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.