[Civ. No. 10610. First Appellate District, Division One.—December 30, 1938.]

MARGARET SCHOLZ et al., Appellants, v. J. W. HILBERT, Respondent.

Charles F. Schroth and Rudolph J. Scholz for Appellants.

J. A. Bardin and J. T. Harrington for Respondent.

KNIGHT, J.—Plaintiffs appeal from a judgment in favor of defendant after trial before the court without a jury, in an action for damages for personal injuries which the plaintiff Mrs. Margaret Scholz claimed to have sustained in falling on a concrete sidewalk in front of defendant's shoe store on the main street in Monterey. The cause of action was based on allegations to the effect that the sidewalk was wet and slippery and therefore dangerous, and was made so by the defendant's negligence. The trial court found from the evidence, however, that plaintiffs had not established any negligence on the part of defendant and further found that the accident was due to the failure of Mrs. Scholz to exercise ordinary care for her own safety while walking along the sidewalk. As ground for reversal, plaintiffs contend that the evidence is insufficient to sustain said findings.

It is well settled, however, that in cases such as this, where the trial court is called upon to determine questions of negligence and contributory negligence, all intendments are in favor of its findings and they will not be overthrown on appeal unless it is manifest that the conclusions reached by the trial court cannot be sustained on any rational view of the testimony. If there is any competent evidence to support the findings, they will not be disturbed, or if two different inferences can be reasonably and properly drawn from the facts proved, the findings of the trial court are binding on the reviewing court. In other words, the trial court's findings are conclusive on appeal unless it can be held as a matter of law that the evidence is without substantial conflict and the only reasonable inference to be drawn therefrom is contrary to the findings; and it is quite evident that in the present case the factual situation is such that it cannot be so held.

The accident happened around 9 o'clock in the morning, on a clear, dry day. About half an hour earlier, when defendant arrived at his store to open it for the day's business, he noticed that the sidewalk immediately in front of one of the show windows and the tiling at the base of the window had been befouled by dogs, and he removed the offensive condi-

tion with a broom and about a pint and a half of plain water, which he took from a bucket, following which he used a mop to remove whatever water was left on the sidewalk, so that only a few damp spots remained; and it was at or near these damp spots that Mrs. Scholz fell. She was walking with her husband at the time, and they were in a hurry. She was fifty years of age, short, and exceptionally heavy. According to the evidence she was only five feet one and a half inches in height, and weighed 192 pounds; and she admitted that at some previous time she had sustained injuries from a fall. There were no other pedestrians on the sidewalk near the Scholzes to obstruct their view or progress, and as stated, they were hurrying along. Mr. Scholz was a step or two ahead of his wife, and she was trying to keep up with him. She was talking to him at the time, and she admits she was not watching her step or paying any attention to the sidewalk. The evidence further shows that after defendant had removed the obnoxious conditions created by the dogs he got some fresh water in the bucket and started to wash some of the windows and that in doing so he used a wet rubber sponge and a rubber ''squeegee'' window cleaner attached to a six-foot pole, and less than two quarts of water; and that in two places the water trickled about half way across the sidewalk; and it was while defendant was thus engaged in washing the windows that the accident happened. The testimony shows, however, that plaintiff fell several feet distant from said trickles of water, and that they could not have contributed in any way to the cause of the accident.

As will be seen from the foregoing, the question of whether under all the conditions there present the existence of the water spots on the sidewalk which remained after defendant had used the mop, made the sidewalk dangerous for pedestrians exercising ordinary care for their own safety, to walk thereon, was one of pure fact, and obviously the testimony is sufficient to sustain the trial court's·view that there was no negligence on the part of defendant in attempting to remove whatever water there was on the sidewalk. Necessarily, therefore, the trial court's finding thereon is conclusive on appeal. In any event, the conditions there present were clearly not such as would justify a reviewing court in holding as a matter of law contrary to the finding of the trial court, that the sidewalk was in a dangerous condition. And there

would seem to be ample evidence also to sustain the inference drawn by the trial court that Mrs. Scholz was not exercising ordinary care for her own safety while walking hurriedly along the sidewalk. The water spots were plainly visible, and it appears that Mrs. Scholz could have easily avoided them and thus prevented the accident if she had been exercising ordinary care while walking along the sidewalk. It is quite true that while a pedestrian using a city sidewalk is not required to keep his eyes fastened constantly on the ground before him, the law does require that he exercise ordinary care in observing where he is going so as to avoid any perils which ordinary prudence and reasonable use of his eyes would disclose, and if he fails so to protect himself, he is deemed to be negligent. The most that can be possibly said in the present case is that the evidence is such that reasonable minds might differ upon the question of Mrs. Scholz's negligence, and that being so, the trial court's finding thereon is final on appeal. We have found nothing in the cases cited by plaintiffs which is at variance with the views here expressed.

The judgment is therefore affirmed.

Tyler, P. J., concurred.