THE COURT.
In the forenoon of November 19, 1938, a collision occurred between a mechanical street sweeper owned by the city of San Diego and a Pacific Greyhound bus driven by the defendant J. E. Mort. This collision occurred on U. S. Highway No. 101 in Rose Canyon in the city of San Diego. At the . time the street sweeper had been rented, together with its driver, by David H. Ryan, paving contractor. Mr. Ryan’s insurance carrier, the Continental Insurance Company having paid for repairs to the sweeper took an assignment of the city’s claim for damages and commenced *Supp. 879 this action. Pacific Greyhound Lines and J. E. Mort filed their answer denying liability and Pacific Greyhound Lines also filed its action against Mr. Ryan, the contractor, and Thomas G. Harris, the driver of the street sweeper, to recover damages for injuries to the bus. The eases were consolidated and tried in the municipal court without a jury. The court rendered judgment against the Pacific Greyhound Line in both cases. This appeal is taken in the action brought by the insurance carrier in which judgment is rendered against the defendants for the damages to the street sweeper. The highway at the site of the accident is a four-lane highway of the divided type. In the center is a cement island, the middle of which is filled with earth. In connection with the filling of this island considerable earth had been spilled on the cement pavement and part of this had been taken up with scrapers. To remove the balance of the dirt the contractor employed the sweeper. At the time of the accident the sweeper was proceeding in a general northerly direction on the side of the highway devoted to southbound traffic. The bus was proceeding southerly on its own side of the road. The sweeper was so constructed that it had to operate against a right-hand curb. The driver of the bus knew that the highway was under repair and warning signs were posted on the highway above the point of repair, but there was no sign close to the site of the accident. Witnesses estimated the speed of the bus variously, from 25 to 60 miles per hour. The bus driver observed the equipment when he was about a mile distant therefrom but he could not identify it as a street sweeper. The sweeper was traveling forward about 3 miles per hour and was enveloped in a cloud of dust at the time of the collision. Immediately prior to the accident the bus had passed two cars on the highway and was in the process of returning to the right-hand lane when it struck the sweeper. As the bus traveled the last 100 feet towards the sweeper it was astraddle of the center line and it was still partly over the center line when the impact occurred. The sweeper was eleven feet wide; the side of the highway where the accident occurred was made up of two concrete strips ten feet wide, a two foot gutter next to the island, and a paved shoulder approximately six feet in width. A white line indicated the center of the two paved strips. Skid marks on the pavement began eleven feet westerly of the westerly curb *Supp. 880 line of the center island and about two feet east of the white line in the center. The sweeper, 15,000 pounds in weight, was knocked back and astraddle of the center island a distance of approximately twenty-five feet. The bus, after the impact, jumped across the center island which was four to six feet wide and about eight inches high, and traveled one hundred eighty-six feet, coming to rest against a bank on the east side of the highway. Within a space of ten minutes preceding the accident herein involved the street sweeper had collided with an automobile which had stopped because of the dust. The operator of the sweeper admitted at the time that he could not see anything and was following the right-hand ridge of the parkway to keep his direction. This evidence was objected to but properly admitted by the court. (McCormick v. Great Western Power Co., 214 Cal. 658 [8 Pac. (2d) 145, 81 A. L. R. 678].)
Upon this appeal all intendments are in favor of the trial court’s findings and they will not be overthrown unless it is manifest that the conclusions reached cannot be sustained on any rational view of the evidence. ‘ ‘ If there is any competent evidence to support the findings they will not be disturbed or if twro different inferences can be reasonably and properly drawn from the facts proved, the findings of the trial court are binding on the reviewing court. In other words, the trial court’s findings are conclusive on appeal unless it can be held as a matter of law that the evidence is without substantial conflict and the only reasonable inference to be drawn therefrom is contrary to the findings;” (Scholz v. Hilbert, 30 Cal. App. (2d) 228 [85 Pac. (2d) 902].)
We may not interfere with the court’s findings on the question of negligence unless the evidence discloses that the only reasonable conclusion to be reached is that no negligence has been established on the part of the defendant J. B. Mort. Such a conclusion, of course, would not be justified by the facts of this case. The passing of cars without sufficient room to return safely to the right-hand side of the road and the driving of the bus into a cloud of dust at an unsafe speed are two of several phases of the evidence upon which the court might have based a finding of negligence. (Bixby v. Pickwick Stage Co., 131 Cal. App. 739 [21 Pac. (2d) 972].)
*Supp. 881 It is pointed out by appellant that there was no flagman nor any warning sign or device used in connection with the sweeper; that the sweeper was being operated on the wrong side of the highway facing oncoming traffic; that the sweeper was of unusual width, eleven feet; that when operating the sweeper was enveloped in a cloud of dust which obscured the operator’s vision; that the dust made it impossible for oncoming traffic to determine the direction of the sweeper or even to identify the sweeper as such; that immediately prior to the accident in question the sweeper had been in other accidents; that these facts considered separately or collectively should establish contributory negligence on the part of Thomas G. Harris, the operator of the street sweeper and, since he was the agent and servant of the city of San Diego, acting in the scope of his employment, bar recovery for the damage done to the sweeper.
In answer to these contentions respondent asks us to remember that the sweeper was used in necessary highway repair work; that its peculiar construction required it to proceed in the direction it at the time was going; that there were warning signs at the beginning of the repair area; that the cloud of dust at the place of collision was warning and notice enough; that under the circumstances it could not be said that the operator of the sweeper was guilty of negligence as a matter of law; that he was not even negligent as a matter of fact, and, finally, if he were negligent his negligence did not proximately contribute to the accident in question.
With these contentions in mind we proceed with a brief review of the law. The operator of the sweeper was under obligation to exercise reasonable care and caution in behalf of the traveling public, “yet the right to public use of the highway, while roadwork is being done, is subordinate to the right of the public authorities to cause improvements to be made in the public interest. (Township of Crescent v. Anderson, 114 Pa. St. 643, 647 [60 Am. Rep. 367, 8 Atl. 379].) And even with the exercise of reasonable care and circumspection, the very nature of the work may sometimes create perils against which travelers must be on guard.” (Jones v. Hedges, 123 Cal. App. 742, 749 [12 Pac. (2d) 111].)
*Supp. 882 Reasonable care would require a warning to be given to approaching traffic. In this ease there were warning signs at the beginning of the area under repair and the cloud of dust raised by the sweeper “was itself a sign of danger as categoric as a stop signal.” (Jones v. Hedges, supra.) The court in these circumstances reasonably could have concluded that no negligence existed respecting the warning.
The standpoint from which the operator’s conduct is to be judged is that of a person whose duties require him to operate a sweeping machine on the highway in a manner properly to remove the dirt from the highway, and he was justified in assuming that operators of motor vehicles would use reasonable care and caution commensurate with visible conditions and would approach with their cars under reasonable control. Even though there had been a prior accident the operator of the sweeper had the right to presume that if there were sufficient passing room to his left hand that there would be no further difficulty and that motorists using reasonable care could safely pass the sweeper. The fact of this prior accident should have cautioned him to keep said sweeper well against the right-hand curb. The sweeper was in this position when it was struck by the bus, and there was ample passing space, at least twelve feet, to the west of the sweeper. True, there was a cloud of dust which obscured the operator’s vision, but either there was to be this cloud of dust or the machine was not to be operated at all. It was necessary to remove this accumulation of dirt from the highway and the operation could not very well be carried on without the raising of dust. The highway could have been closed to traffic but this would have worked an unnecessary inconvenience to the traveling public. The repairs were necessary, and the manner in which they were being performed and the use of the highway by others presented questions of fact for the trial court to decide. “ It is only when the facts are clear and indisputable and when no other inference than that of negligence or contributory negligence can be drawn from the facts that the issue becomes one of law and not of fact. . . . When honest difference of opinion between men of average intelligence arises as to the effect of the evidence a question of fact arises and the findings of the triers of fact become conclusive upon the appellate tribunals. ’ ’ (McQuigg v. Childs, 213 Cal. 661 [3 Pac. (2d) 309].)
*Supp. 883 It was for the court to determine what would have been the conduct of a person of ordinary prudence under the circumstances of the case, as well as to determine whether or not the facts show negligence. The finding is conclusive, both as to the existence of negligence and its effect as contributing, proximately, to the accident, unless a contrary conclusion necessarily follows from undisputed facts. “In considering as a question of law the relative negligence of plaintiff and defendant, and the conduct of either or both as contributing to the injury an appellate court will assume that the jury took any view of the facts, justified by the evidence which tends to support the verdict. (Scott v. San Bernardino etc. Co., 152 Cal. 604 [93 Pac. 677].) The same rule holds good as to the findings of fact by the court where a jury is waived.” (King v. Green, 7 Cal. App. 473-477 [94 Pac. 777].) So considered, the evidence in the case at bar clearly sustains the finding of the court that Thomas G. Harris, the operator of the street sweeper, was not negligent. The court having found the operator of the sweeper free from contributory negligence and the bus driver guilty of negligence, which proximately caused the damage, we cannot disturb the judgment on appeal. (Woods v. Wisdom, 133 Cal. App. 694 [24 Pac. (2d) 863].)
Judgment affirmed.
Haines, P. J., deeming himself disqualified, took no part in this decision.